## 29753. BROWN v. BROWN.

HILL, Justice.

Kate Kenworthy Brown appeals from the granting of Albert Eugene Brown's motion for judgment notwithstanding the verdict which set aside the jury verdict awarding her a divorce and alimony.

This case involves an alleged common law marriage between the parties. From 1962 until April of 1973, the two lived together as if husband and wife. However, until March, 1972, Gene Brown, the defendant, was legally married to another woman. After his divorce from that woman in March, 1972, he continued to live with the plaintiff until April 30, 1973. During this time they never

entered into a ceremonial marriage. In July, 1973, appellant filed suit for divorce and alimony based on alleged cruel treatment. The jury returned a verdict in favor of appellant.

The defendant moved for judgment notwithstanding the verdict on the ground that the plaintiff failed to prove any marriage contract between the parties. The trial court granted the motion because in its opinion the evidence failed to show that a marriage was contracted between the parties and therefore there could be no divorce.

Code § 53-101 enumerates the essential elements of a marriage in this state: (1) The parties must be able to contract, (2) there must be an actual contract, and (3) there must be consummation according to law. In the absence of positive legislative enactment declaring unlicensed, nonceremonial marriages to be void, common law marriages have been recognized in Georgia since at least 1860. *Askew v. Dupree,* 30 Ga. 173; *Allen v. State,* 60 Ga. App. 248 (3 SE2d 780). The three requirements of Code § 53-101 must be met, all at one period in time, in order for there to be a common law marriage.

Concerning the first element, between 1962 and March, 1972, Gene Brown was married to another woman which prevented him from having the capacity to enter into another marriage contract. After his divorce in March, 1972, he was free to contract a marriage with the plaintiff. There is no dispute between the parties concerning their ability to contract after March, 1972, and plaintiff is not contending that the contract occurred before March, 1972.

Similarly there was more than sufficient evidence on the third element, consummation of the marriage; i.e., cohabitation as man and wife. The parties themselves both testified that they lived together, slept together, ate together, took vacations together and went on business trips together while the defendant was married to his first wife, and that they continued to do so after March, 1972, when both parties had the capacity to contract to marry. The evidence was sufficient as to consummation (see *Long v. Long,* 191 Ga. 606, 607 (13 SE2d 349)), and its sufficiency is not seriously disputed here. Defendant's

main contention is that there was no actual contract of marriage.

Even though the parties were capable of contracting a marriage and they did, in law, consummate that marriage, the second element as set out in Code § 53-101 is still necessary in order to find that a marriage existed between the parties. It is this element that is primarily in issue in this case since the existence of a valid marriage is essential to the granting of a divorce and the recovery of alimony. *Morgan v. Morgan,* 148 Ga. 625 (97 SE 675).

When the relationship between the parties begins as an illicit arrangement, the burden is on the party asserting the validity of the marriage to show that the illicit relationship ended and that the parties did actually enter a marriage contract. *Drawdy v. Hesters,* 130 Ga. 161 (4) (60 SE 451). In the case of a common law marriage, "This may be done by . . . such circumstances as the act of living together as man and wife, holding themselves out to the world as such, and repute in the vicinity and among neighbors and visitors that they are such, and indeed all such facts as usually accompany the marriage relation and indicate the factum of marriage. The evidence in each case is for the jury." *Drawdy v. Hesters,* supra, 130 Ga. 163, quoting from *Clark v. Cassidy,* 62 Ga. 410.

In *Foster v. Foster,* 178 Ga. 791 (174 SE 532), the relationship between the parties began as an illicit relationship similar to the case here. However, in that case no evidence was presented by the party having the burden of proof that a marriage agreement was entered into after the disability had been removed.

In addition, the evidence presented must show a present intent to marry; an agreement to marry in the future is not sufficient. In *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608), the plaintiff testified to their agreement to marry at a future date, but she did not show a present marriage contract as is required by Code § 53-101.

In the case before us the burden of establishing the existence of the marriage was on the plaintiff since she was seeking a divorce and alimony based on the validity of that marriage. We hold that she satisfied that burden so that the jury could find the existence of a marriage. In her testimony she told of a conversation between herself and

the defendant that took place after his divorce in which she mentioned that she would like to have a ceremonial marriage. He replied that was not necessary, that they didn't need a piece of paper, that they were already married. She also testified that she felt married and considered herself married. Her desire for a ceremonial marriage did not preclude the existence of a common law marriage. *Boulden v. Southerland,* 127 Ga. App. 71 (192 SE2d 718).

Witnesses who had known the parties for several years testified that they had heard the couple discuss marriage subsequent to defendant's divorce and that he had said they were just as much married as if they had a license, that a piece of paper didn't mean anything.

Defendant denied saying that he and the plaintiff were married and that they didn't need a piece of paper. However, his life insurance policy was introduced which named Kate Kenworthy as beneficiary designating her as his wife. Although the policy was taken out in 1971, it remained in effect until after April, 1973.

There was much other testimony by the parties and people who had known them as a couple from which the jury could find the existence of a marriage contract between the parties. The fact that the defendant denied such a marriage or that the plaintiff used the name Kate Kenworthy or other conflicting evidence is not sufficient to sustain the judgment notwithstanding the verdict. *Oliver v. Chance,* 56 Ga. App. 40 (191 SE 871).

Finally the defendant contends that only direct testimony by the parties can be used as proof of a common law marriage contract in an action between the parties. He argues that circumstantial evidence as to the actual contract is admissible only in a case where the parties are deceased and matters of inheritance are involved.

Certainly proof of an actual marriage contract between the parties must be established by evidence just as is the case with any other contract. Direct testimony by the parties involved might be the best evidence of the contract, but we are unable to say that only their testimony is pertinent. Where existence of a common law marriage is in dispute between the parties, there will often be one party testifying to the contract and one party

testifying that such a contract does not exist. In such situations circumstantial evidence is necessary to aid the jury in determining which party to believe. We would agree that in the absence of direct testimony to a marriage by either party in a case in which they were available to testify, it would be difficult for the jury to find they had an actual contract. *Foster v. Foster,* 178 Ga. 791, supra. Here there was direct testimony as well as circumstantial evidence of a marriage contract. Even if we were to agree with the defendant that only direct evidence is admissible to prove the existence of the contract, there was the testimony of the plaintiff from which the jury could find for her. She testified that she felt married and considered herself married and that the defendant had told her they were married and did not need a piece of paper.

*Judgment reversed with direction that the verdict of the jury be reinstated and judgment entered thereon. All the Justices concur.*

ARGUED MARCH 10, 1975 — DECIDED APRIL 29, 1975.

*Elliott & Turner, David J. Turner,* for appellant.
*George C. Kennedy, Jr.,* for appellee.