## 69958. SCOTT et al. v. JEFFERSON.
### (331 SE2d 1)

DEEN, Presiding Judge.

A petition to determine heirs was brought by appellants James Scott and Mozell Watkins, the children of Elizabeth Jefferson. The probate court found that Elizabeth Jefferson was the wife of George Jefferson, Sr., and upon his death on January 24, 1982, became his widow, entitling her or her heirs to share in his estate. Appellee George Jefferson, Jr. appealed this finding to the superior court, where a jury determined that Elizabeth Jefferson was not legally married to George Jefferson, Sr. at the time of his death, and this appeal ensued.

The evidence presented at trial showed that on May 25, 1929, Elizabeth Warren married Caleb Scott in Muscogee County,, Georgia. James Scott is the son of Caleb Scott. Mozell Watkins was born to Elizabeth Warren before her marriage to Caleb Scott. No record of a divorce between Elizabeth and Caleb Scott was produced. On October 13, 1942, Elizabeth Warren Scott entered into a ceremonial marriage with Robert Johnson, but they lived together for only a short period of time before they separated and he disappeared. On April 14, 1943, unbeknowst to Elizabeth Warren Scott Johnson, Caleb Scott died in Kansas City, Missouri. In 1948 George Jefferson, Sr. began courting Elizabeth and they moved to New York. James Scott visited them there in early 1949 where they had bought a house as Mr. and Mrs. George Jefferson and were living together as man and wife. Mozell Watkins lived with Elizabeth and George Jefferson for 15 years and never knew they were not ceremonially married. In 1969 Elizabeth and George Jefferson sold their house in New York and moved back to Columbus, Georgia. Elizabeth had a stroke and suffered from diabetes, but they continued to live together until George's death on January 24, 1982.

George Jefferson, Jr., George Jefferson Sr.'s son by a prior marriage, filed a petition to administer his father's estate the next month, showing that the heirs were his widow, Elizabeth Jefferson and himself. Elizabeth Jefferson died in December of 1982. After learning of Elizabeth Jefferson's previous ceremonial marriages and her apparent failure to obtain divorces therefrom, George Jefferson, Jr., by amendment to his petition withdrew his admission of her interest in the estate, and the instant action was initiated by her heirs.

1. Appellants contend that they were entitled to a directed verdict because the only pleading admitted by the trial court and consid-

ered by the jury at the trial in superior court was the original petition filed in the probate court by appellee in which Elizabeth Jefferson was shown to be an heir at law of the decedent. The trial transcript reveals that appellee testified that he filed administration proceedings in probate court showing Elizabeth Jefferson as an heir at law, attesting that this fact was true "to the best of [his] knowledge." Counsel for appellants then moved for admission of the original pleading and there was a discussion in the presence of the jury concerning the amendment in the probate court withdrawing Elizabeth Jefferson as an heir due to further information received by appellee and that the amended pleading was in the trial court's file. Appellee's attorney did not wish to introduce any evidence, presumably so as to be entitled to closing argument, and appellants did not choose to tender it, so the amended pleading was not physically in evidence in the trial court. Appellants do not deny the existence of this pleading or that the jury were aware of its contents, but argue that since the document itself was not in evidence in the superior court the original admission in judicio is conclusive and binding.

We do not agree. OCGA § 24-3-30 provides that "[w]ithout offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." Such admissions, later amended, are not conclusive, and may be "explained or disproved by the defendant. [Cits.]" *Watkins v. Price Mercantile Co.*, 45 Ga. App. 272 (1) (164 SE 231) (1932). Moreover, the rule that a party will not be allowed to disprove an admission made in his pleading without first withdrawing it from the record applies only to admissions of fact and is not applicable to an admission which is merely an opinion on the part of the party making it as to its legal effect. *Clift & Goodrich v. Mincey Mfg. Co.*, 41 Ga. App. 38 (1) (152 SE 136) (1930). " 'Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admissions in judicio.' [Cits.]" *Aiken v. Dept. of Transp.*, 171 Ga. App. 154, 155-56 (2) (319 SE2d 58) (1984). Clearly appellee's original "admission" that Elizabeth Jefferson was an heir at law of the deceased was not conclusive against him.

2. Appellants further contend that the motion for directed verdict was improperly denied because the verdict and judgment were unsupported by the evidence. They argue that since Caleb Scott, Elizabeth's first husband, was alive at the time of her second ceremonial "marriage" to Robert Johnson, even though Scott had disappeared twelve years earlier, his existence created a void marriage to Johnson. Appellee, relying on the legal presumption that life ceases after seven years absence unheard from, asserts that the marriage to Johnson was legal, thereby invalidating any common law relationship with George Jefferson, Sr. See OCGA § 24-4-1; *Brown v. State*, 208 Ga. 304, 307 (66 SE2d 745) (1951).

" 'By the common law and the law of this State, a mutual agreement to be husband and wife, by parties able to contract, followed by cohabitation, is recognized as a valid marriage. [Cit.]' [Cits.]" *Stewart v. Price*, 89 Ga. App. 662, 665 (81 SE2d 28) (1954); OCGA § 19-3-1. However, if the cohabitation of Elizabeth and George Jefferson beginning in January of 1949 was illicit due to the lack of dissolution of her valid marriage to Johnson less than seven years earlier, two impediments prevented establishing that there was a valid common law marriage between Elizabeth and George Jefferson.

"Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, the presumption is that the second marriage is valid until evidence is established that the other spouse of the first marriage is living. When evidence is established that the other spouse of the first marriage is living, the burden shifts to the party contending the validity of the second marriage to go forth and show that the first marriage was dissolved . . ." *Johnson v. Johnson*, 239 Ga. 714 (238 SE2d 437) (1977); *Baker v. Musa*, 170 Ga. App. 77, 78 (1) (316 SE2d 178) (1984). "If the prior marriage or other impediment is shown to have been dissolved after a second common law 'marriage' by cohabitation was initiated, the party asserting the validity of the second marriage must overcome the presumption that 'cohabitation illicit in its inception is presumed to continue throughout the period of cohabitation.' [*Addison v. Addison*, 186 Ga. 155 (1) (197 SE 232) (1936).] This presumption can be overcome by introducing direct or circumstantial evidence showing the existence of all essentials to a valid marriage, including cohabitation after removal of the impediment. [*Brown v. Brown*, 234 Ga. 300, 302 (215 SE2d 671) (1975); *Brown v. Sheridan*, 83 Ga. App. 725 (1 (c)) (64 SE2d 636) (1951).] The burden of proof is on the party asserting the validity of the common law marriage. [*Brown v. Brown*, supra; *Foster v. Foster*, 178 Ga. 791 (3) (174 SE 532) (1934).] The requisite intent to contract marriage . . . will not be presumed if one of the parties to the subsequent 'marriage' was not aware of the dissolution of the prior impediment and therefore could never have intended to contract a valid subsequent marriage. [*Lawrence v. Lawrence*, 86 Ga. App. 8 (70 SE23d 549) (1952); *Brown v. Sheridan*, supra.] In this event the full circle is completed and the presumption applies that cohabitation illicit in its inception continues throughout the period of cohabitation. [*Lawrence v. Lawrence*, supra.]" McConaughey, Ga. Divorce, Alimony & Child Custody, § 1-4 (2d ed.).

The evidence was sufficient here for the jury to find that Elizabeth's ceremonial marriage to Robert Johnson on October 13, 1942 was valid due to her first husband's disappearance more than twelve years earlier and the presumption of his death. Thus, assuming since the common law of New York was not pled that the law in force in

that state is as interpreted in Georgia, the evidence was also sufficient for the jury to find, as it did, that no express common law agreement to marry was entered into by George Jefferson and Elizabeth in 1949 because their cohabitation was illicit due to her prior valid marriage to Robert Johnson less than seven years earlier. See *Brown v. Sheridan*, supra. There was no evidence that George Jefferson knew of Elizabeth's previous marriages, or that either of them learned that any existing impediments had been removed so as to indicate a ratification, renewal or validation of such a contract subsequent to 1949. Nor was any change effected by the move to Georgia in 1969. At that time Elizabeth was an invalid and, according to appellants' testimony, "couldn't sleep with nobody else." Therefore, there was no proof of consummation of the marriage agreement by cohabitation as man and wife, an essential element in establishing a common law marriage. *Brown v. Brown*, 234 Ga. at 301, supra.

In the absence of proof to the contrary, the jury was authorized to find that the illicit relationship begun in 1949 continued throughout the period of the cohabitation, and that no valid marriage occurred between Elizabeth and George Jefferson, Sr. Accordingly, the trial court did not err in denying appellants' motions for directed verdict or for new trial on the ground of insufficiency of the evidence.

3. The requested instructions which appellant complains the trial court erroneously refused to give to the jury were incompatible to the law and evidence as set forth above, and the charge as a whole was complete, correct and sufficient to guide the jury in its determination of the factual issues. See *Columbus, Ga. v. Smith*, 170 Ga. App. 276 (3) (316 SE2d 761) (1984). We find no grounds for reversal.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 1, 1985 —
REHEARING DENIED APRIL 29, 1985.

*Charles C. Carter*, for appellants.
*Ronald S. Iddins*, for appellee.