### 76533. EDWARDS v. EDWARDS.
(374 SE2d 791)

POPE, Judge.

Appellant Tom Edwards, Jr., a/k/a Mack Treadwell, brought an action in probate court seeking to have his claim of heirship and quantity of interest established in the estate of Tom Edwards, as his legal son and heir, by proof of a common law marriage between his deceased mother and Edwards. Upon appeal to the superior court a jury found that appellant was not an heir at law of Edwards, and this appeal ensued. *Held*:

1. "Whether a man and a woman have entered into a common

law marriage is a question of fact." *Taylor v. Taylor*, 243 Ga. 506, 508 (255 SE2d 32) (1979). OCGA § 19-3-1 establishes the three essential elements of a marriage in this state, all of which must be met during one period of time in order to prove a common law marriage. *Fireman's Fund Ins. Co. v. Smith*, 151 Ga. App. 270 (1) (259 SE2d 675) (1979). "When the relationship between the parties begins as an illicit arrangement, the burden is on the party asserting the validity of the marriage to show that the illicit relationship ended and that the parties did actually enter a marriage contract." *Brown v. Brown*, 234 Ga. 300, 302 (215 SE2d 671) (1975). The evidence presented amply authorized the jury to conclude that appellant's mother and Edwards never contracted marriage, nor held themselves out to the world as married, and that their repute in the vicinity and among neighbors and visitors was not such as usually accompanies the marriage relation or indicates the fact of marriage. See generally *Murray v. Clayton*, 151 Ga. App. 720 (2) (261 SE2d 455) (1979).

2. Appellant further asserts, for the first time on appeal, that even if no common law marriage existed, the jury verdict should not stand because of the doctrine of virtual or equitable legitimation as recognized by the Supreme Court in *Prince v. Black*, 256 Ga. 79 (344 SE2d 411) (1986). This argument, even if it had been timely raised, is without merit. The doctrine is applicable only in "cases in which there is such clear and convincing evidence that the child is the natural child of the father and that the father intended for the child to share in his intestate estate, in the same manner that the child would have shared if he had been formally legitimated, that equity will consider that done which ought to have been done." Id. at 80. There was no such evidence in the instant case. It follows that we find no grounds for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 17, 1988.

*Carl A. Bryant*, for appellant.
*John B. Adams*, for appellee.