## S90A0542. SCHIRATO v. THE STATE.
(391 SE2d 116)

HUNT, Justice.

Christopher M. Schirato was convicted of the felony murder of Gene T. Bramblett, the underlying felony of armed robbery, and theft by taking, and sentenced to life imprisonment for the felony murder charge and a consecutive ten-year sentence on the theft by taking charge.[1] He appeals, enumerating as error the general grounds, the trial court's ruling that a trial witness could not assert the marital privilege, its charge to the jury on flight, its denial of his motions for mistrial, and its denial of his motion for new trial on his claims of ineffective assistance of counsel. We affirm.

The day he was murdered, the victim picked up the defendant, who was hitchhiking, and agreed to give him work and let him live in his house. Later, the victim drove the defendant to Atlanta, where the defendant purchased some cocaine. The two were seen together several times throughout the day, and, after they returned to the victim's house that evening, witnesses heard loud voices, gunshots, somebody begging for help, and a car leaving the victim's house very quickly. The defendant later told his girl friend he had tried to rob the victim, got in a struggle with him because the victim pulled out his gun, "freaked out" when the gun went off and the victim was killed, and

---

[1] The convictions of felony murder and armed robbery were merged for sentencing purposes. The crimes were committed on November 14, 1987, and the defendant was indicted by a Habersham County grand jury in its January 1988 term. Following a jury trial, Schirato was convicted on March 29, 1989, and sentenced on April 6, 1989. His motion for new trial, filed May 8, 1989, and amended August 18, 1989, was denied on December 8, 1989. The notice of appeal was filed on January 2, 1990, and the record docketed in this court on January 22, 1990. The case was submitted for decision without oral argument on March 9, 1990.

fled to Louisiana in the victim's car. Authorities discovered the victim's car abandoned in New Orleans, and found fingerprints consistent with those of the defendant's in the area of the driver's seat.

An investigation of the victim's body revealed he had been shot twice in the chest with his own gun. The linings of his pocket were turned out, and his gun, wallet (which, earlier in the day he was murdered, contained a large amount of money), and car were missing. Items belonging to Schirato, including his clothing and a sports bag, were found in the victim's house. Schirato testified he was aware the Georgia Bureau of Investigation was looking for him before he was arrested in Indianapolis, Indiana, a week after the murder. He also testified he hitchhiked to Indianapolis, leaving his clothes at the victim's house, after the victim made sexual advances toward him. The defendant's claim concerning the time required to hitchhike to Indianapolis was substantially discredited by a police investigator.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The trial court admitted the testimony and statements of Tona Mullins over Schirato's assertion of the marital privilege, OCGA § 24-9-23. Contrary to his argument, there was substantial evidence in support of the trial court's finding, following a hearing outside the presence of the jury, that there was no common law marriage. *Conyers v. State*, 249 Ga. 438, 444 (3) (291 SE2d 709) (1982). We find no error.

3. The trial court's charge on flight was not burden-shifting, and we decline the defendant's request to change the law in this regard. *Sustakovitch v. State*, 249 Ga. 273, 275 (4) (290 SE2d 77) (1982). We find no error in the trial court's charge, which was supported by the evidence. *Wilson v. State*, 257 Ga. 444, 447 (4) (359 SE2d 891) (1987). But see Justice Bell's concurring opinion in *Cameron v. State*, 256 Ga. 225, 227 (345 SE2d 575) (1986).

4. Schirato contends the trial court erred by denying his motion for mistrial following the testimony of a New Orleans police officer about the recovery of the victim's car. On cross-examination the officer was asked by defense counsel whether from his investigation of the neighborhood, including interviews with neighbors, he obtained information indicating how long the car had been there. The officer responded that he had not obtained that information. On redirect, however, the prosecutor asked the officer whether in his prior statement he had referred to statements made to him by a witness indicating that the car had been at its recovery location for about four weeks and that a short, white male (matching the description of the defend-

ant) had been seen getting out of the car. Before the officer could respond, defense counsel objected and moved for a mistrial. On appeal, Schirato complains only to the hearsay portion of the question describing the individual seen at the victim's car.[2] The trial court instructed the jury that they were only to consider questions relating to how long the car was in New Orleans before it was recovered, that no statements made by the prosecutor were evidence and that they should not consider any other statements made by him. The trial court also rebuked the prosecutor and instructed him to appropriately restrict his questioning of the witness.

Where, as here, counsel has made statements regarding prejudicial matters not in evidence before the jury, OCGA § 17-8-75 provides the trial court with discretion to order a mistrial. His refusal to do so, coupled with appropriate curative instructions and admonishment of state's counsel, absent manifest abuse, will not be reversed. No such abuse is present. *Welch v. State*, 251 Ga. 197, 200 (6) (304 SE2d 391) (1983).

5. Schirato contends the trial court erred by denying his motion for mistrial made during the testimony of an investigating officer who had attempted to interview him in Indiana. On cross-examination, the officer stated Schirato refused to give a statement, and even refused to give his name. Following defense counsel's motion for mistrial, and objection that the officer's statement was unresponsive and prejudicial, the trial court specifically instructed the jury that they were to completely disregard what the defendant did or did not say in response to the officer, and further, asked if there were any jurors who could not follow those instructions. None responded. Neither the objections nor the motion for mistrial was thereafter renewed, nor did defense counsel request further instructions or any other action. The motion and the objections, consequently, were not preserved for review. See *Fann v. State*, 254 Ga. 514, 517 (3) (331 SE2d 547) (1985). Nonetheless, for the reasons expressed in *Crawford v. State*, 256 Ga. 585, 587 (2) (351 SE2d 199) (1987), the denial of the motion for mistrial did not amount to an abuse of discretion.

6. The transcript of the hearing relative to whether Schirato was afforded effective assistance of counsel amply supports the trial court's determination that the standards required by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) and *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985) were not met

---

[2] Schirato is represented by another lawyer on appeal. He concedes that because of trial counsel's questions to the officer concerning his neighborhood investigation, that the prosecutor was permitted to offer the officer's previous inconsistent statement relative to that investigation as it pertained to the length of time the victim's car was parked on the New Orleans street.

by the defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1990.

*J. Edward Staples,* for appellant.

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.