■ In the Matter of the Claim of DIANA M. CONEY, Respondent, v R.S.R. CORPORATION, Respondent, and CNA INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 10, 1989, which ruled that claimant had a valid common-law marriage with decedent and awarded workers' compensation benefits.

Luis A. Torres was killed on February 8, 1984 while working for R.S.R. Corporation. Claimant subsequently filed a claim for workers' compensation benefits as Torres' widow. At a hearing before a Workers' Compensation Law Judge, claim-

ant testified that, although she never formalized her relationship with Torres, she had lived with him since March 1979 and they had held themselves out as husband and wife. She further testified that in 1981 she and Torres had gone to Georgia to visit relatives and, while there, had comported themselves as a married couple. It is claimant's position that this stay in Georgia established a valid common-law marriage which must be recognized in this State. The only evidence presented by the employer in opposition to claimant's contention was Torres' employment application, dated more than four years prior to the time claimant and Torres visited Georgia, wherein he stated that he was single.

Claimant was determined to be Torres' legal widow. Both Torres' employer and its workers' compensation insurance carrier applied for review of the decision. After a hearing, the Workers' Compensation Board (hereinafter Board) found that a common-law marriage was entered into in Georgia and affirmed the decision. This appeal by the carrier ensued.

We affirm. Claimant's claim depends on whether Georgia would recognize her relationship with Torres as a common-law marriage (see, Matter of Mott v Duncan Petroleum Transp., 51 NY2d 289, 292). There are three prerequisites to a valid marriage in Georgia: (1) the parties must be able to contract, (2) an actual contract, and (3) consummation according to law (Ga Code Annot § 19-3-1). All three of these elements must be met during one time period to establish a valid common-law marriage in Georgia (see, Edwards v Edwards, 188 Ga App 821, 374 SE2d 791). Here, claimant testified that she and Torres had lived together, shared expenses and considered themselves as husband and wife since March 1979. She further stated that they went to Georgia in 1981 as married parties and lived together for three days, holding themselves out as husband and wife.

While the carrier concedes that the parties were able to contract and consummate the marriage, it nevertheless argues that no contract was made. This position is tied to its claim that the parties planned to marry in the future and, thus, no present intent to marry existed while they were in Georgia. Under Georgia law, however, desire for a future ceremonial marriage does not in and of itself preclude a finding that a valid common-law marriage exists (see, Brown v Brown, 234 Ga 300, 303, 215 SE2d 671). Here, while they were in Georgia for three days, claimant and Torres cohabited and held themselves out as married partners. This period, while brief, is adequate since Georgia does not require any minimum stay to

establish a common-law marriage. In fact, a "visit" to that State may suffice *(see, Matter of Mott v Duncan Petroleum Transp., supra,* at 293). These facts provide substantial evidence to support the Board's determination.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.