S90A1468. KING v. THE STATE.
(399 SE2d 198)

HUNT, Justice.

Helena King stabbed her former boyfriend, Lawrence Lemon, and his then girl friend, Rosalyn Cummings. Lemon survived, but Cummings died. Following a jury trial, King was convicted of felony murder for killing Cummings, and aggravated assault for stabbing Lemon, and received concurrent life and five-year sentences.[1] She ap-

---

[1] The crimes were committed on October 27, 1986. The defendant was indicted in the January 1987 term of the Glynn County Grand Jury on one count of malice murder, one count of felony murder (the underlying felony being the aggravated assault of Cummings), one count of voluntary manslaughter and one count of aggravated assault (of Lemon). She was tried before a jury on July 19th and 20th, 1989, and convicted and sentenced on July 20, 1989. Her motion for a new trial, filed August 8, 1989, was denied on July 5, 1990. Her notice

peals, raising as error the general grounds, and the trial court's failure to charge the jury that they could consider a verdict of voluntary manslaughter as a lesser included offense of felony murder.

The victims, Lemon and Cummings, were in Lemon's home when the defendant arrived, slapped Lemon, and demanded and got his knife. The defendant then began to fight with Cummings, stabbing her a number of times, and stabbed Lemon when he attempted to defend Cummings. Despite surgical attempts to save her life, Cummings died from her knife wounds the following day. The defendant admitted to the police that she stabbed Cummings while Cummings was lying on the floor, and admitted she stabbed Lemon when he tried to get her away from Cummings.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder, the underlying felony being the aggravated assault of Cummings, see generally *Baker v. State*, 236 Ga. 754 (225 SE2d 269) (1976),[2] as well as the aggravated assault of Lemon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. Contrary to the defendant's fourth enumeration of error, the trial court's charge, read as a whole, would have authorized the jury to return a voluntary manslaughter verdict if they found the defendant acted as the result of an irresistible passion while committing an aggravated assault on Cummings, resulting in Cummings' death. The trial court thoroughly and properly instructed the jury on malice murder, felony murder, and voluntary manslaughter, and that voluntary manslaughter was a lesser included offense of malice murder and felony murder. The jury specifically rejected the malice murder and voluntary manslaughter verdicts, and found the defendant guilty of felony murder. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1991.

*Ernest B. Gilbert*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Keith Higgins*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *C. A. Benja-*

---

of appeal was filed August 2, 1990. The trial transcript was certified on November 6, 1989. The case was docketed in this court on August 8, 1990 and submitted for decision, without oral argument, on September 24, 1990.

[2] See *Lewis v. State*, 260 Ga. 404, n. 2 (396 SE2d 212) (1990) for a discussion of, and criticism of this court's failure to apply the "merger doctrine," which prohibits a felony murder instruction where the felony is an intricate part of the homicide, and would preclude this felony murder conviction based upon the aggravated assault of Cummings.

*min Woolf,* for appellee.