## A90A2268. BROWN v. CARR.
(402 SE2d 296)

BANKE, Presiding Judge.

The appellant, acting in his capacity as administrator of the estate of Freddie Lee Brown, filed a petition in probate court to determine the identity of the decedent's heirs. He brings this appeal from a judgment entered by the probate court finding that the appellee, Ola Carr, was the decedent's common-law wife at the time of his death and was thus entitled to inherit from his estate.

There was evidence that the decedent had begun cohabiting with the appellee in her rented home in 1978 but that he was legally married at that time to Mary Lee Brown. However, that marriage terminated in divorce in February of 1982; and the following September, the decedent and the appellee moved into a house which the decedent had purchased. The couple continued to live there, pooling their earnings to pay their living expenses, until his death on July 12, 1989.

The appellee testified that she and the decedent were planning to have a marriage ceremony in August of 1989, the month after he died. However, she further testified that she had "always considered [her]self married to [the decedent]" and that she knew "a lot of people were going to be shocked [by the planned marriage ceremony], because a lot of people considered us as being married. . . ." Three of the couple's neighbors testified that the decedent had introduced the appellee to them as his wife after moving into the neighborhood and that they had assumed from this and from the couple's living arrangements that they were married.

The probate court found that the decedent had the legal capacity to marry from February 4, 1982, until his death on July 12, 1989; that he and the appellee had lived together during that entire period; that he had introduced her to various neighbors as his wife; that these neighbors had considered them to be husband and wife; that the couple had pooled their earnings to pay their living expenses; that the decedent had named the appellee as his life insurance beneficiary; and that the appellee had paid all of the decedent's funeral expenses. Based on these findings, the court concluded that a common-law marriage relationship had existed between the couple at the time of the decedent's death. *Held*:

The essential elements of a marriage are: "(1) Parties able to contract; (2) An actual contract; and (3) Consummation according to law." OCGA § 19-3-1. These requirements must be satisfied simultaneously in order for a marriage to exist. See *Brown v. Brown*, 234 Ga. 300, 301 (215 SE2d 671) (1975). See also *Edwards v. Edwards*, 188 Ga. App. 821-822 (1) (374 SE2d 791) (1988). " 'If [a] prior marriage or other impediment is shown to have been dissolved after a second common law "marriage" by cohabitation was initiated, the party asserting the validity of the second marriage must overcome the presumption that "cohabitation illicit in its inception is presumed to continue throughout the period of cohabitation." [Cit.] *This presumption can be overcome by introducing direct or circumstantial evidence showing the existence of all essentials to a valid marriage, including cohabitation after removal of the impediment.* [Cits.]' " (Emphasis supplied.) *Scott v. Jefferson*, 174 Ga. App. 651, 653 (2) (331 SE2d 1) (1985).

"[I]f after the disability has been removed the cohabitation is continued and the parties hold themselves out as man and wife, a new and valid agreement of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary." *Carr v. Walker*, 205 Ga. 1, 9 (52 SE2d 426) (1949). "[Although] an agreement to marry in the future is not sufficient . . . [the] desire for a ceremonial marriage [does] not preclude the existence of a common law marriage." *Brown v. Brown*, supra at 302-303. See also *Bolden v. Southerland*, 127 Ga. App. 71 (192 SE2d 718) (1972).

"The decision of the trial court as to the fact question of the existence vel non of a common-law marriage, should not be disturbed on appeal if there is any evidence to support its finding. [Cits.]" *Conyers v. State*, 249 Ga. 438, 441 (3) (291 SE2d 709) (1982). The probate court, sitting as the trier of fact in this case, was clearly authorized to determine from the evidence both that the decedent and the appellee had intended to live together as husband and wife subsequent to the decedent's divorce from his first wife and that they actually had done so. The fact that they planned at some point in the future to secure a

license and formalize their union with a ceremonial marriage did not negate the existence of a common-law marriage under these circumstances. See *Bolden v. Southerland*, supra. The judgment of the probate court is accordingly affirmed.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1991 —
REHEARING DENIED FEBRUARY 13, 1991.

*Phyllis J. Holmen, Vicky O. Kimbrell, Denise Marshall, Willie E. Lockette*, for appellant.

*Paula R. Taylor-Hanington*, for appellee.