S91A0606. DISMUKE v. C & S TRUST COMPANY et al.
(407 SE2d 739)

BENHAM, Justice.

Contending she was the common-law widow of the decedent, appellant Dena Dismuke sought to set aside the probate in solemn form of the will of the decedent, and to have the trial court make a judicial determination of the legal heirs of the decedent and their interests. She now appeals from an adverse judgment in which the trial court, after a bench trial, found that appellant had not proved the existence of a common-law marriage by a preponderance of the evidence, and that appellant was not an heir at law of the decedent.

The undisputed evidence shows that the decedent entered into a ceremonial marriage in 1960 with one of the appellees. Appellant met the decedent in 1987 and thereafter engaged in a sexual relationship with him. The decedent's wife divorced him in August 1988, after which appellant and the decedent lived together in the decedent's lake home. In September 1989, the decedent was hospitalized. He and

---

his ex-wife entered into a ceremonial marriage in his hospital room on October 19, 1989, the same day the decedent executed the will subsequently probated. The decedent died two months later.

1. Appellant maintains that she and the decedent entered into a common-law marriage after the decedent's divorce from his wife, and that the common-law marriage rendered the decedent incapable of remarrying his former wife. See OCGA § 19-3-2 (3). Relying on OCGA § 19-3-2 (3) and case law interpreting it,[1] appellant contends that the trial court erroneously placed upon her the burden of proving the validity of her common-law marriage instead of requiring appellees to prove that the common-law marriage had been dissolved by divorce.

Appellant's position presupposes the existence of a common-law marriage between her and the decedent. In order for appellees to have the burden of proving dissolution of a former marriage of the decedent by divorce, a former marriage had to be established. Where, as here, the relationship between the appellant and the decedent began illicitly, appellant had the burden of showing that the illicit relationship ended and that she and the decedent had entered into a marriage contract. *Brown v. Brown*, 234 Ga. 300, 302 (215 SE2d 671) (1975). Appellant attempted to carry this burden by presenting evidence that she and the decedent had entered into a common-law marriage. Whether such a marriage existed is generally a question for the factfinder (*Clark v. Cassidy*, 62 Ga. 407, 411 (1879); *Kickasola v. Jim Wallace Oil Co.*, 144 Ga. App. 758 (1) (242 SE2d 483) (1978)), and the party asserting the existence of the common-law marriage must establish its existence by a preponderance of the evidence. Appellant had to establish the existence of the common-law marriage before appellees had to prove its dissolution pursuant to OCGA § 19-3-2 (3); therefore, the trial court did not err in placing the initial burden of proof upon appellant.

2. Having determined that appellant had not established the existence of a common-law marriage between her and the decedent, the trial court did not err in failing to apply OCGA § 53-2-8 inasmuch as appellant was not an heir at law of the decedent.

3. Appellant next contends that the trial court erred in failing to

[1] OCGA § 19-3-2 (3) states as a qualification to marry that a person "[h]ave no living spouse of a previous undissolved marriage. The dissolution of a previous marriage in divorce proceedings must be affirmatively established and will not be presumed." In construing the subsection, our courts have held:

"Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, a presumption arises that the second marriage is valid until evidence is adduced that the spouse of the first marriage is living[;] then . . . the burden [is] on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce." [*Smith v. Smith*, 230 Ga. 616 (1) (198 SE2d 307) (1973); *Zurich Ins. Co. v. Craft*, 103 Ga. App. 889 (2) (120 SE2d 922) (1961).]

grant appellant's motion to disqualify the attorney representing the decedent's widow. Relying on Standard 69 of the Code of Professional Responsibility,[2] appellant sought the disqualification on the ground that the attorney had previously represented appellant in two divorce actions stemming from common-law marriages.

In *Tilley v. King*, 190 Ga. 421, 425 (9 SE2d 670) (1940), this court concluded that

> [t]he rule must of necessity be that if an attorney has been employed in a matter *and has appeared in court in connection therewith,* he can not thereafter accept employment *and appear in a case* against his former client, where under the latter employment he must necessarily assume a position contrary to that involved in his former employment.

The burden is upon the party seeking disqualification to show that the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented the party. *Summerlin v. Johnson*, 176 Ga. App. 336 (1) (335 SE2d 879) (1985).

In the case at bar, appellant did nothing more than assert that the attorney's prior representation of her involved "matters with issues substantially similar to those presented in the present action." In the absence of any evidence supporting the bare assertion, the trial court did not err in denying the motion to disqualify. See *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467 (1) (326 SE2d 827) (1985).

*Judgment affirmed. All the Justices concur, except Clarke, C. J., not participating.*

WELTNER, Justice, concurring.

This court once again encounters the vexatious doctrine of common law marriage. I concur in the judgment, but write to reiterate an earlier suggestion: that the quantum of evidence sufficient to sustain a finding of common law marriage ought to be enlarged.

> There should be, in my opinion, but two instances which enlightened policy can recognize as adequate to carry this burden.

> This first is — obviously — proof of a ceremonial mar-

---

[2] Standard 69 states, in pertinent part:
A lawyer shall not represent a client whose interests are adverse to the interests of a former client of the lawyer in any matter substantially related to the matter in which the lawyer represented the former client unless he has obtained written consent of the former client after full disclosure.

riage in substantial accord with the requirements of statute law.

The second is the birth of a child or children to the parties. [Concurring opinion, *Johnson v. Green*, 251 Ga. 645, 647 (309 SE2d 362) (1983).]

In *Ridley v. Grandison*, 260 Ga. 6 (389 SE2d 746) (1990), the writer attached to a dissent an appendix that recited:

Following our case of *Johnson v. Green*, [cit.] our court has been presented with seemingly infinite variations upon the theme of common law marriage. We discuss these here in order to demonstrate the chaos and confusion that pertain, of necessity, when the legal status of marriage — wrapped as it is in emotion, and cloaked in a plethora of property rights — is beclouded by so unruly a doctrine as that of common law marriage. [Id. at 12.]

The appendix outlined 33 such "infinite variations." *Ridley* was decided March 9, 1990 — only 18 months ago. Since that time, the appellate courts have dealt with at least 11 additional "variations."

(1) Homicide resulting from fight when man and woman came to residence of woman's former male companion, who was with another woman, visiting man's estranged common law wife. *King v. State*, 260 Ga. 740 (399 SE2d 198) (1991).

(2) Will contest involving common law widow and children of deceased. *England v. Pate*, 260 Ga. 481 (398 SE2d 577) (1990).

(3) Defendant convicted of murder alleged common law marriage with witness who testified against him and sought to have her testimony excluded on the basis of the marital privilege. *Schirato v. State*, 260 Ga. 170 (391 SE2d 116) (1990).

(4) Will contest involving brother of deceased, children of deceased, and common law widow of deceased. *McMillan v. McMillan*, 260 Ga. XXIX (1990).

(5) Trial court refused to submit to jury issue of whether decedent was survived by common law wife to determine who had standing to bring wrongful death action. *Georgia Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770 (403 SE2d 235) (1991).

(6) Administrator of estate contesting probate court finding of common law wife of decedent entitled to inherit from estate. *Brown v. Carr*, 198 Ga. App. 567 (402 SE2d 296) (1991).

(7) Common law husband sought review of denial of new trial on ground that trial court did not divide furniture between the parties in divorce action. *Foster v. Foster*, Discretionary Application No. S91D0543, denied February 5, 1991.

(8) Property issues concerning divorce sought to terminate an alleged common law marriage. *Childs v. Childs,* Discretionary Application No. S90D0983, granted May 17, 1990.

(9) Parties underwent ceremonial marriage in 1968 and separated in 1989, but wife alleged that they were divorced in 1977, which husband disputes. The trial court found that a common law marriage existed between 1977 and 1989. *Pierce v. Pierce,* Discretionary Application No. S90D0866, denied April 25, 1990.

(10) After decree of divorce from common law marriage, former husband sought to re-establish provisions of child custody and visitation of temporary order. *Myers v. White,* Motion for Supersedeas No. S90M0742, denied March 28, 1990.

(11) This case — in which widow seeks the disqualification of opposing attorney on the grounds that attorney had represented her "in two divorce actions stemming from common-law marriages."

DECIDED SEPTEMBER 5, 1991.

*Brown, Phillips & Scoccimaro, Jimmie H. Brown,* for appellant.
*Perry, Walters & Lippitt, Jesse W. Walters, Brimberry, Kaplan, Campbell & Donaldson, Jerry W. Brimberry,* for appellees.