A95A2547. BAYNES v. BAYNES.
(467 SE2d 195)

BEASLEY, Chief Judge.

Shirley Baynes appeals from the denial of a motion for new trial. It followed the probate court's denial of her request for issuance of letters of administration to herself and the issuance instead to appellee Trina Baynes, whom the court simultaneously appointed as administratrix. The estate at issue is that of Harold George Baynes, whose common law wife Shirley Baynes claimed to be. Trina, who had objected to the appointment of Shirley, is his daughter.

A trial was held, and the trial court set out its findings of fact.

---

1. The first enumeration is that the court erred in holding that "collateral" evidence was sufficient to overcome the presumption of a common law marriage established by "direct evidence."

The evidence was in conflict, as recited by the trial court and as admitted by appellant in her brief. The court's observation, that the parties held themselves out as married when it was to their benefit to do so and maintained their non-marital status when it was to their benefit, is supported by the evidence. This led to the finding that there was no marriage, as such legal relationship cannot be partial or periodic. The evidence must be construed in favor of the judgment. *Brown v. Carr*, 198 Ga. App. 567 (402 SE2d 296) (1991); *Evans v. Marbut*, 140 Ga. App. 329, 332 (231 SE2d 94) (1976). The appellate court will not disturb a verdict or nonjury judgment in such a case "if there is any evidence to support [it]." *Ridley v. Grandison*, 260 Ga. 6 (389 SE2d 746) (1990).

As the trial court recognized, there are three elements of a marriage in Georgia. OCGA § 19-3-1. They must exist "all at one period in time." *Brown v. Brown*, 234 Ga. 300, 301-302 (215 SE2d 671) (1975). When the alleged marriage is unlicensed and nonceremonial, the burden is on the proponent to prove that a common law marriage existed. *Drawdy v. Hesters*, 130 Ga. 161, 170 (5) (60 SE 451) (1908). This may be done by various means. See, e.g., *Fireman's Fund Ins. Co. v. Smith*, 151 Ga. App. 270, 273 (2) (259 SE2d 675) (1979); *Brown v. Brown*, supra. The issue is one for the factfinder. *Drawdy*, supra at 163; *Edwards v. Edwards*, 188 Ga. App. 821 (1) (374 SE2d 791) (1988).

Both direct evidence and indirect evidence are admissible, *Scott v. Jefferson*, 174 Ga. App. 651, 653 (2) (331 SE2d 1) (1985), and in this case there is no direct evidence of "an actual contract," which is one of the elements. OCGA § 19-3-1 (2). Even if appellant's testimony were taken as such, the factfinder was not bound by it. *Brown v. Brown*, supra. The weight and credibility of evidence are for the jury (or bench) to determine. OCGA § 24-9-80; *Evans v. State*, 207 Ga. App. 358, 359 (1) (427 SE2d 837) (1993).

2. Contrary to the appellant's second enumeration, the court did not erroneously consider motive as determinative of the fact of existence vel non of a common law marriage.

The actions of the appellant and the deceased were sometimes inconsistent with respect to marriage. Of particular significance to the trial court was the evidence that in all the fifteen years the two lived together, the deceased never told his daughter, his mother, his brother, or his best friend that he was married to appellant. His firearms license showed his mother's address as his actual residence address, as did his voter registration card, and appellant herself did not list the deceased as her spouse on documents filed for public housing.

Compare *Beals v. Beals*, 203 Ga. App. 81, 82 (1) (416 SE2d 301) (1992).

This evidence supports the court's findings, and the court's deduction regarding the various patterns of "holding out" behavior was not an impermissible one. The court did not consider it determinative of the fact of marriage, but as some evidence that the parties had not intended to enter into a binding marriage.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 17, 1996.

*Lawson & Thornton, Charles S. Thornton, Derek M. Wright*, for appellant.

*Scott Walters, Jr.*, for appellee.