## A98A0392. HOLMES v. HOLMES.
(502 SE2d 294)

MCMURRAY, Presiding Judge.

Dorothy Shores Holmes ("petitioner") filed a petition for a year's support against the estate of John Thomas Holmes, deceased ("the estate") in the Probate Court of Muscogee County, Georgia. After the estate's executor challenged petitioner's claim that she was the deceased's common law spouse, the probate court conducted an evidentiary hearing and denied petitioner's claim. The probate court entered the following findings of fact: "The Court finds that although Decedent John T. Holmes and Applicant Dorothy Shores cohabited, no marriage contract was established. Decedent and applicant did not enter into a ceremonial marriage nor did the mere fact of cohabitation effect a marriage contract by operation of law." This appeal followed. *Held*:

1. Petitioner contends the probate court erred in denying her petition for a year's support, arguing that the evidence demands a finding that she was the decedent's common law wife.

" 'When the alleged marriage is unlicensed and nonceremonial, the burden is on the proponent to prove that a common-law marriage existed.' *Baynes v. Baynes*, 219 Ga. App. 848, 849 (1) (467 SE2d 195) (1996). 'In order for a common law marriage to come into existence, the parties must be able to contract, must agree to live together as man and wife, and must consummate the agreement. See OCGA § 19-3-1; (cit.)' *Ga. Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 777-778 (10) (403 SE2d 235) (1991)." (Footnote omitted.) *Wright v. Goss*, 229 Ga. App. 393, 394 (1) (494 SE2d 23). An agreement to marry in the future is insufficient to establish a common law marriage. Such a bond can be established under OCGA § 19-3-1 only by an express, present marriage contract. *Peacock v. Peacock*, 196 Ga. 441, 447 (26 SE2d 608).

In the case sub judice, there is proof that the decedent invited petitioner to move in with him; that petitioner resided with the decedent from December 22, 1995, until the decedent's death on November 3, 1996; that petitioner sold her house to accommodate this arrangement; that petitioner and the decedent had an intimate physical relationship, and that petitioner and the decedent informed friends, associates and family members that they were husband and wife. There is no proof, however, that petitioner and the decedent entered into a present marriage contract as is required under OCGA § 19-3-1. On the contrary, our examination of petitioner's hearing testimony reveals that petitioner and the decedent never stood face to face, at a specific point in time, vowing allegiance as husband and wife. Petitioner's testimony shows only that she had an aspiration for marriage, explaining during direct examination that the decedent

merely "asked [her] to move in with him and maybe, you know, the marriage would come later." Under such circumstances, and in the absence of proof that petitioner and the decedent came together for selfless unity, we find that the probate court correctly judged that petitioner was not the decedent's common law spouse. The probate court, therefore, did not err in denying petitioner's claim for a year's support. See *Peacock v. Peacock*, 196 Ga. 441, supra, where that plaintiff testified to an agreement to marry at a future date, but did not testify to a present marriage contract. Compare *Brown v. Brown*, 234 Ga. 300, 301-302 (215 SE2d 671), where there was proof which authorized a finding of the essential elements of an express marriage contract.

2. We hereby deny the estate's motion for frivolous appeal damages under Court of Appeals Rule 15 (b).

*Judgment affirmed. Motion for damages for frivolous appeal denied. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 4, 1998.

*Powell & Tante, Joseph W. Powell II*, for appellant.
*Hagler, Hyles, Adams & McKenna, M. Stephen Hyles*, for appellee.