## A02A2089. BURNETT v. REEVES.
(575 SE2d 747)

JOHNSON, Presiding Judge.

This case involves a dispute between a landlord, Curtis Reeves, and a tenant, Pattie Burnett, over a lease with an option to purchase. Burnett appeals from the judgment entered upon the jury's award of $19,160 to Reeves, the trial court's dismissal of a motion for new trial, the trial court's issuance of an eviction order, and the trial court's grant of Reeves' motion for a directed verdict that the purchase option was not properly exercised by Burnett. Because each of these enumerations of error lacks merit, we affirm the judgments.

The record shows that on January 22, 1996, Reeves and Burnett entered into a two-year property lease for $1,200 per month. The lease contained an option to purchase the property for $100,000. When Burnett failed to make lease payments, Reeves demanded that Burnett vacate the premises and then served Burnett with a dispossessory warrant. At the dispossessory hearing, Burnett produced a lease indicating that the lease payments were only $760 per month and containing an option to purchase the property for $80,000. Reeves contended the lease submitted by Burnett was a forgery.

The trial court ordered Burnett to pay rent into the court and set the matter down for a jury trial. Burnett failed on two occasions to timely pay rent into the court. The first time, the trial court granted an extension. After the second occasion, the trial court issued a writ of possession.

Subsequently, the jury heard the case. At the close of the evidence, Reeves moved for a directed verdict concerning Burnett's failure to exercise the purchase option. This motion was granted by the trial court since Burnett testified that at no time did she tender any money to purchase the property.

1. Burnett contends the trial court erred in issuing the writ of possession. However, the evidence clearly shows that Burnett failed on two occasions to make timely rent payments into the court registry. OCGA § 44-7-54 (a) (1) states that a tenant shall be required to pay rent into the registry of the court in any case where the right of possession cannot be finally determined within two weeks from the

date of service of the summons. The statute further mandates that if the tenant fails to make a payment as it becomes due, "the court shall issue a writ of possession and the landlord shall be placed in full possession of the premises by the sheriff, the deputy, or the constable."[1] The trial court did not err in issuing the writ of possession in this case.

2. The trial court did not err in granting Reeves' motion for a directed verdict concerning Burnett's failure to exercise the purchase option.[2] Payment of the purchase price or an unconditional tender of that amount to Reeves on the specified date, or a showing that tender of the purchase money on that date had been waived, was "indispensably necessary to convert the offer or option to sell into a contract of purchase and sale."[3] Here, Burnett unequivocally testified that she did not tender any money to Reeves to purchase the property, either under the lease submitted by Reeves or the lease submitted by Burnett.

3. Burnett contends the verdict is not supported by the evidence. However, existence of the lease agreement and supporting testimony by Reeves clearly supported the jury's verdict for past rent owed, as well as a denial of Burnett's claims. Burnett's argument that the lease submitted by her controls the issues and her arguments regarding actions taken by Reeves merely go to the weight and credibility of the evidence — issues within the exclusive province of the jury.[4] The evidence was sufficient to support the jury's verdict.

4. Burnett contends the "dismissal" of her motion for new trial was not made on the merits of the case, but was used to punish her and her attorney when her attorney failed to appear at the scheduled hearing. However, the record shows that despite the failure of Burnett's trial counsel to appear at the hearing or notify the trial court regarding the reason for his absence, the trial court reviewed Burnett's motion for new trial and denied the motion on the merits. Accordingly, this enumeration of error lacks merit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 13, 2002 ▮

---

[1] OCGA § 44-7-54 (b).

[2] See *Burns v. Reves*, 217 Ga. App. 316, 317 (1) (457 SE2d 178) (1995); *Carpenter v. Parsons*, 186 Ga. App. 3, 4 (2) (b) (366 SE2d 367) (1988).

[3] *Barkley-Cupit Enterprises v. Equitable Life &c.*, 157 Ga. App. 138, 142 (2) (276 SE2d 650) (1981).

[4] OCGA § 24-9-80; see *Sparti v. Joslin*, 230 Ga. App. 346, 348 (3) (a) (496 SE2d 490) (1998); *Baynes v. Baynes*, 219 Ga. App. 848, 849 (1) (467 SE2d 195) (1996).

*Allan E. Alberga*, for appellant.
*Cornelison & Ziolo, John A. Ziolo*, for appellee.