## 53477. TOMLINSON, INC. v. ROBERTS et al.
## 53478. LEASING INTERNATIONAL, INC. et al. v. ROBERTS et al.

Shulman, Judge.
The appellants in these cases are all in the business of leasing cars. They each entered, separately, into agreements with a person who proposed to pay the ad valorem taxes due and to secure license plates or renewal decals for their vehicles. Upon the agent's presentation to appellants of the tags, decals and receipts, each appellant reimbursed the agent and paid him a fee for his services. An audit of the records of the office of the Tax Commissioner of Fulton County indicated that the taxes due on the vehicles of appellants had not been paid. When appellants refused, after demand, to pay the taxes assessed, the tax commissioner caused tax fi.fa.'s to be issued against them. Following a constructive levy on the vehicles in question, each appellant filed an affidavit of illegality. These were traversed by the tax commissioner and the issue was joined in the Superior Court of Fulton County. By consent of the parties, the actions were consolidated. The tax commissioner moved for summary judgment, which was granted. The order of the court granting summary judgment stated that the evidence presented by the tax commissioner pierced the allegations of the affidavits of illegality and that the appellants did not show that there was a genuine issue of a material fact to be decided by a jury. These appeals are from that order and a subsequent order affirming the grant of summary judgment after a motion to reconsider.

1. All the parties agree, as we do, that the dispositive issue is the payment or nonpayment of the taxes. Appellants produced documents which they contended were receipts for the payment of the taxes. In support of his motion for summary judgment, the tax commissioner introduced inter alia, the affidavit of an employee of the accounting department of the tax commissioner's office, based on his personal knowledge gleaned from a search of the records of the office, showing that the taxes had not been received. Another affidavit from another employee of the tax commissioner's office showed that the notations on certain of the appellants' documents indicated that license fees had been paid, not that taxes were paid.

"Receipts for money are always only prima facie evidence of payment, and may be denied or explained by parol." Code Ann. § 38-508. Such was the effect of the evidence presented by the tax commissioner, and the allegations of the affidavit of illegality were pierced.

2. It is also uncontroverted that the appellants paid to their agent sufficient funds to pay the taxes assessed. However, it is elementary that the fact that the principal turned sufficient funds over to the agent to pay the claims of third persons does not release him from liability on such claims if the agent fails to satisfy them. 3 CJS 271, Agency, § 420.

3. The tax commissioner also produced properly authenticated copies of the indictments and guilty pleas of the agent of appellants. The charge was theft of sums of money, which sums coincided almost exactly with the original assessments against the appellants. Code Ann. § 38-405 (2) allows the reception into evidence of admissions against interest made by strangers to the law suit if the admission is "to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause." As to parties to a civil action, a guilty plea constitutes an admission against interest which is prima facie evidence of the facts admitted. *Edwards v. Bullard,* 131 Ga. App. 34 (205 SE2d 115). We see no valid reason for the rule being otherwise just because the person making the admission is not a party to the action, as long as the admission is otherwise

admissible under Code Ann. § 38-405(2). This admission meets that test and was prima facie evidence that the agent of appellants misappropriated the money given him as reimbursement for payment of taxes. It follows from the above that the taxes could not have been paid, since the money would then not have been stolen. The appellants produced nothing to rebut this prima facie evidence.

Combined with the showing that the tax payment had not been received by the tax commissioner's office, the guilty plea was sufficient in the absence of rebuttal to establish the tax commissioner's right to a judgment as a matter of law. There was no error in granting the motion for summary judgment.

4. Appellant's enumeration of error complaining of the trial court's denial of their motion for reconsideration is without merit. The matters raised there were still not enough to rebut the showing made by the tax commissioner.

5. Appellant Tomlinson, Inc. complained that certain admissions by the other appellants were considered, but were not properly attributable to it. However, in addition to the admissions complained of, there was the guilty plea, which was as applicable to that appellant as to the other appellants and which was sufficient to authorize the judgment. There was no error in including all the appellants in the order granting summary judgment.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 29, 1977 —

*Westmoreland, Hall, McGee & Warner, J. M. Crawford,* for Tomlinson, Inc.

*Jones & Barnwell, Taylor W. Jones, Kent Stair,* for Leasing International, Inc. et al.

*Webb, Parker, Young & Ferguson, Joel Y. Moss, Harold T. Daniel, Taylor W. Jones, J. M. Crawford,* for appellees.

ON MOTION FOR REHEARING.

Appellants have taken exception to the statement in this opinion that certain notations on some of their receipts indicate that license fees, rather than taxes, were paid. While they are correct that the receipts also show taxes to have been paid, their case is not strengthened thereby. The receipts are still only prima facie evidence of payment. The tax commissioner's evidence that the tax was not paid was prima facie evidence for his position. These contradictory positions would balance the evidence sufficiently to produce a question of fact were it not for the admission of appellants' agent that he stole their money. The balance was then tipped in favor of the tax commissioner. Appellants have produced nothing to bring the scales even again.

Appellants also argue that the combination of Code Ann. § 92-1504, which provides that the tax commissioner may not issue tags until ad valorem taxes have been paid, and the presumption that officials act in a proper manner lends enough strength to their receipts to take the issue of payment to a jury. However, the presumption they cite is rebuttable and was rebutted by the affidavits and other evidence of the tax commissioner. Without further evidence from appellants, the issue was correctly decided on summary judgment.

*Motion for rehearing denied.*