## 55020. KICKASOLA v. JIM WALLACE OIL COMPANY et al.

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 26, 1978 — REHEARING DENIED FEBRUARY 8, 1978 —

*G. Seals Aiken, John L. Respess, Jr.,* for appellant.
*John E. Dougherty, Lokey & Bowden, Glenn Frick, Robert P. Bleiberg,* for appellees.

DEEN, Presiding Judge.

1. The mother is a proper party plaintiff to recover the value of the life of a son tortiously killed *unless* he is survived by a wife or child. Code § 105-1307. Daniel Kickasola had no child. He lived with Coleen (Coco) Clark, together with the Clark parents at first and later by themselves. There was no ceremonial marriage, and Coleen did not take the Kickasola name until some time after the homicide; however, she was not legally obligated to do so if she did not want to. She testified that the couple had agreed and assumed that they were married to each other and they represented themselves to be man and wife, lived together as such, pooled their money, shared the same bedroom and, in her opinion, had been married about two years. There was testimony by other witnesses that they were considered man and wife, and by at least

one of these witnesses that Kickasola had introduced her as his wife. The evidence may be shaky, but it is sufficient, if the jury chose to believe it, to constitute a common law marriage. *Steed v. State,* 80 Ga. App. 360 (56 SE2d 171); *Chance v. Chance,* 60 Ga. App. 889 (5 SE2d 399). It was proper to submit this question to the jury, to refuse to grant summary judgment or direct a verdict, and to deny the motion for a new trial based on the premise that there was no marriage and that the plaintiff, as mother of the decedent, was as a matter of law the proper party to bring the action.

2. As to the cause of death, it is not denied that the defendant Steed was employed by Jim Wallace Oil Company; that he opened the service station at an early hour of the morning and was there alone with a considerable amount of money when the Kickasola youth came up on his motorcycle and started placing gasoline in its tank; that Steed carried a pistol; that he went out to the gas pump where there was an altercation and that Steed shot and fatally wounded Kickasola. No one actually saw what happened. Steed eventually pleaded guilty to manslaughter. He testified in this case that he had unwittingly insulted his long-haired customer by calling him "ma'am," and that he was assaulted and eventually forced to fire his pistol in self-defense. He also attempted to explain the guilty plea by relating circumstances under which, having no money to hire counsel and having discussed the matter with court-appointed counsel for not over thirty minutes, he felt that since he had caused a death there was nothing else to do. In any event, there was some evidence from which a jury could have reached the conclusion that the shooting resulted from the fears of a reasonable man that his own life was in danger and that the defense was justified. In such event there was no tortious misconduct on his part and, again, a verdict for the defendant is sustainable. Code § 105-1801; *Johnson v. Jackson,* 140 Ga. App. 252, 260 (230 SE2d 756).

3. Enumerations of error referring to judicial instructions to which no objection was made in the trial court, such as those complained of in enumerations of error 4, 5, 6, 11, 12, 13, 17, 18 etc. will not be considered.

Code § 70-207 (a).

4. In a civil action, evidence that the defendant pleaded guilty to the act in a prior criminal proceeding is admissible in evidence and is to be considered along with all the other evidence as a circumstance to be weighed by the jury. *Roper v. Scott,* 77 Ga. App. 120, 124 (48 SE2d 118).

5. The instructions on what constitutes a common law marriage were correct. Code § 53-101; *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608).

6. The wrongful death statutes codified in Code Chapter 105-13 refer to death by homicide which "results from a crime or from criminal or other negligence." Code § 105-1301. The burden is of course upon the plaintiff to prove this essential element of the action, and the court properly so charged, since justification is a defense which renders the behavior noncriminal. The court also erroneously charged that "it was not necessary for the plaintiff to prove any negligence or any criminal act," according to the transcript. This was probably a lapsus linguae, if not a typographical error, but in any event it is one of which the plaintiff cannot complain since it is in her favor.

7. "Where a verdict is returned for defendant, errors, if any, in a charge, failure to charge, or denial of request to charge, which deal with damages are regarded as harmless and afford no ground for reversal." *Finley v. Franklin Aluminum Co.,* 132 Ga. App. 70, 73 (207 SE2d 543).

8. "The object of all legal investigation is the discovery of the truth." Code § 38-101. It is the duty of the judge to instruct the jury on the general features of the law applicable to the issues, and leave to the jury all disputed questions of fact. *Telfair County v. Webb,* 119 Ga. 916 (47 SE 218). Hardly any set of jury instructions in civil cases fails to include these basic admonitions; nevertheless, the reason given for enumeration of error 25, complaining of this instruction is that it "was manifestly impossible for the jury to determine what the true facts were and to fulfill 'the object of all legal investigations' in this case and to render a true, just and lawful verdict under the illegal and inapplicable charges

of the court specified in plaintiff's motion for new trial and especially the charge requiring the jury to 'take the law as given by the court in this charge and apply these rules of law to the facts as you the jury determine the true facts to be.' " We find no such difficulties posited in the records as those suggested by this enumeration of error. Enumeration 25 is without merit. The two following enumerations complaining of the admission of "all the evidence" of various witnesses is equally deficient in its failure to point out with any clarity what errors are complained of. It is not sufficient to classify an entire body of testimony as illegal simply because it is prejudicial to the opposite party. These and other enumerations of error appear to be based on the erroneous conclusion that because the defendant pleaded guilty to a criminal indictment he will not be heard to introduce matter of extenuation and justification in a civil case arising out of the same circumstances. The plea is prima facie evidence only, and where evidence to the contrary is introduced a jury question remains. *Tomlinson, Inc. v. Roberts,* 142 Ga. App. 134, 135 (235 SE2d 721).

9. The trial court did not err in failing to grant the plaintiff's motion for new trial on the ground urged by the plaintiff: viz., that the defendants were "in default" because they failed to file a brief in reply to the plaintiff's brief on the subject. We are cited to no rule of the superior court requiring such a result. Nor is it likely that such a rule, if it existed, would be upheld by the appellate courts. Cf. *Auerback v. Maslia,* 142 Ga. App. 184 (6) (235 SE2d 594).

10. Errors 28 through 34 contend that the court should have granted one or the other of plaintiff's motions for summary judgment. These questions are now moot. *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384).

11. There appear to have been various hearings in this case prior to trial having to do with motions for summary judgment and like nonjury matters. Several briefs were also filed during the preliminary stages of litigation which are incorporated in this record. It is error to refuse to grant a pre-trial hearing and order pursuant to Code § 81A-116 where a timely motion to this effect has been entered. *Malcolm v. Cotton,* 128 Ga. App. 699 (6) (197

SE2d 760). But where, as here, the plaintiff's petition was filed October 10, 1974, and thereafter numerous special hearings were had, a record of 658 pages was built up, mostly due to the efforts of plaintiff's counsel, and no demand for a pre-trial hearing was made until January 17, 1977, the day the case was scheduled for trial, it appears that the motion was not timely. Under these circumstances failure to enter a pre-trial order will not require a reversal of the case.

The remaining enumerations of error have been examined and found without merit.

*Judgment affirmed. Smith and Banke, JJ., concur.*