A89A1380. GRIMES BRIDGE ASSOCIATES v. DOCTORS BUILDING PARTNERS.
(386 SE2d 388)

BANKE, Presiding Judge.

The appellee, Doctors Building Partners, sued to recover damages for the alleged breach of a contract pursuant to which it had purchased a medical office building from appellant Grimes Bridge Associates, a Georgia limited partnership. Named as defendants in the action along with Grimes Bridge Associates were its limited and general partners, all of whom are also appellants in the present appeal. Each of these partners had leased a unit in the building from the partnership for a period of 28 years and had then sublet that unit to a tenant.

The contract to purchase the building was executed on November 14, 1986. It provided in pertinent part as follows: "Buyer agrees to assume seller's responsibilities to all tenants under leases to the subject property, subject to the following: (a) Seller to acquire for the buyer, prior to closing, estoppel letters from tenants (estoppel letter to confirm pro rata payment of all expenses on property); . . . (c) Seller warrants that . . . all leases are triple net with tenants paying all property expenses on a pro-rata basis (including taxes, insurance, maintenance, water, and any other common utilities). . . ." Upon the execution of the contract, the seller was further required to provide the buyer with copies of all the leases.

The closing took place on December 22, 1986. The appellee alleges that sometime thereafter it became aware that one of the sublessees, a Dr. Ronald Schwartz, had neither paid nor contracted to pay his pro-rata share of the common expenses. The appellee thereupon

filed the present action against the appellants to recover an amount equal to the pro-rata share of the common expenses attributable to the unit occupied by Dr. Schwartz for the remainder of the term of his sublease. The trial court granted summary judgment to the appellees on the issue of liability, reserving the issue of damages for trial. This appeal followed. *Held*:

The appellants contend that the trial court erred in concluding as a matter of law that they were liable for breach of the sale contract. We agree.

In opposition to the summary judgment motion, the appellants established by affidavit that a copy of the Schwartz sublease had been furnished to the appellee prior to the closing and that an estoppel letter from Dr. Schwartz had been delivered to the appellee's attorney at the closing. It is apparent that although this letter contained a paragraph certifying that Dr. Schwartz had paid and would continue to pay his "pro-rata share of the [building's] operating cost," Dr. Schwartz crossed through that paragraph before signing the letter.

Clearly, the performance of a contractual provision may be waived. See *Turner &c. Advertising v. Fidelity &c.*, 185 Ga. App. 815, 817 (366 SE2d 201) (1988); *C.P.D. Chem. Co. v. Nat. Car Rental Systems*, 148 Ga. App. 756 (1) (252 SE2d 665) (1979). In the present case, while the appellants did not produce a "conforming" estoppel letter from Dr. Schwartz, the letter which they did provide prior to the closing clearly revealed that Dr. Schwartz did not consider himself responsible for his share of the building's operating costs. By electing nevertheless to consummate the sale, the appellee must be deemed to have waived the benefit of the contractual provisions at issue, which had been inserted into the contract solely for its benefit and protection. See *C.P.D. Chem. Co. v. Nat. Car Rental Systems*, supra; *Davi v. Shubert*, 168 Ga. App. 420, 421 (309 SE2d 415) (1983). It follows that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 18, 1989 —

*Jeffrey C. Hamling*, for appellant.
*Greer, Klosik & Daugherty, Jeffrey F. Leasendale*, for appellee