A90A1786. DOCTORS BUILDING PARTNERS v. GRIMES
BRIDGE ASSOCIATES.
(404 SE2d 582)

COOPER, Judge.

This case arises from the sale of a medical office building by Grimes Bridge Associates ("Grimes") to Doctors Building Partners ("Doctors"). In the first appearance of the parties to this contract dispute, *Grimes Bridge Assoc. v. Doctors Bldg. Partners*, 192 Ga. App. 809 (386 SE2d 388) (1989), we held that the contractual provisions which Doctors alleged were breached by Grimes had been waived by the actions of Doctors. Thus, we reversed the trial court's grant of summary judgment to Doctors. On remittitur from this court, the trial court treated Grimes' renewed motion for judgment on the pleadings as a motion for summary judgment. Doctors brings this appeal from the trial court's grant of summary judgment to Grimes.

1. Doctors first contends that the trial court erred in finding that it waived the warranty in Section 2 (c) of the contract which provided: "Seller warrants that as of the date of closing . . . all leases are triple net with tenants paying all property expenses on a pro rata basis (including taxes, insurance, maintenance, water and any other common utilities). . . ." Doctors argues that even if the acceptance of the non-conforming estoppel letter constituted a waiver of Section

(a), which required Grimes to obtain, prior to closing, estoppel letters from each of the tenants confirming pro rata payment of all expenses on the property, there was no waiver of the warranty found in Section 2 (c). We disagree. In the first appearance of this case we considered both Sections 2 (a) and 2 (c) of the contract and held that by electing to close the sale after receipt of the non-conforming estoppel letter "[Doctors] must be deemed to have waived the benefit of the *contractual provisions* at issue. . . ." (Emphasis supplied.) Therefore, we find Doctors' first enumeration of error to be without merit.

2. In their second enumeration of error, Doctors contends that the trial court erred in granting summary judgment to Grimes because questions of fact existed. Doctors argues that the effect of our first decision was merely to send the case back to the trial court for a trial on the issues and not to send the case back for entry of a judgment in favor of Grimes. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Doctors contends that there are factual questions remaining as to oral warranties and representations made by Grimes at the closing. Doctors submitted the affidavit of Emil Boassy, who stated that he acted on Doctors' behalf in negotiating the contract with Grimes and attended the closing, at which Grimes' representative, Alex Klopman, stated that all of the tenants had paid their pro rata share of the expenses. Grimes submitted the affidavit of Alex Klopman, who stated that prior to the closing he secured an estoppel letter from Dr. Schwartz which was altered to indicate that Dr. Schwartz was not liable for any expenses under the lease. Grimes' affiant also stated that he attended the closing and made no representations that the estoppel letter contained any terms other than those stated therein. It appears from our first decision that we reviewed the affidavits submitted during the motion for summary judgment and that we reversed the trial court not because there were issues of fact remaining but because Doctors was not entitled to a judgment as a matter of law. We now conclude that the trial court's grant of summary judgment to Grimes was consistent with our previous holding that the contractual provisions regarding the pro rata payment of the expenses had been waived. Accordingly, we find no error with the trial court's ruling.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED MARCH 22, 1991 —

218

*Greer, Klosik & Daugherty, Jeffrey F. Leasendale*, for appellant.
*Jeffrey C. Hamling*, for appellee.