A92A1706. HASTY v. SPRUILL.
(428 SE2d 420)

JOHNSON, Judge.

This is a personal injury case arising out of an intentional criminal act.

Sam Hasty shot William Spruill in the face and shoulder with a shotgun. He was indicted for aggravated assault, for being a convicted felon in possession of a firearm, and on several other charges. Spruill filed a civil action seeking damages as a result of the incident. In the criminal case, Hasty entered a guilty plea to the charges of aggravated assault and being a convicted felon in possession of a firearm. After Hasty's conviction, Spruill filed a motion for summary judgment seeking judgment as to liability only. The trial court granted Spruill's motion and this appeal resulted.

In both of Hasty's enumerations of error, he contends that the trial court erred in granting summary judgment to Spruill on the issue of liability. We disagree.

In support of his motion for summary judgment, Spruill attached an affidavit stating, inter alia, that Hasty shot him in the face and shoulder without provocation. He also attached certified copies of Hasty's "Petition to Enter Guilty Plea," the conviction, and the sentence form.

In opposition to the motion, Hasty offered only the affidavit of his counsel in the criminal proceeding. This affidavit stated only that there was a basis to enter a plea of not guilty. This is a legal conclusion for which no supporting facts were stated.

"[A] guilty plea is an admission against interest and prima facie evidence of the facts admitted. . . ." *Peacock v. Strickland,* 198 Ga. App. 406 (1) (401 SE2d 601) (1991); see also *Kickasola v. Jim Wallace Oil Co.,* 144 Ga. App. 758, 761 (8) (242 SE2d 483) (1978). We recognize the long standing principle that such admissions are not conclusive and may, therefore, be rebutted to create a genuine issue of material fact for the jury's determination. See *Kickasola,* supra.

Where a motion for summary judgment is supported by affidavits or other evidentiary matter showing a prima facie right in the movant to have judgment rendered in his favor, the burden shifts to the opposing party to produce rebuttal evidence sufficient to create a genuine issue of material fact. See *Alghita v. Universal Investment &c. Co.,* 167 Ga. App. 562, 567 (307 SE2d 99) (1983). Hasty failed to meet his burden of rebutting the admission contained in the guilty plea and refuting the allegation contained in Spruill's affidavit that Spruill was shot without provocation. As noted, the affidavit he submitted in opposition to the motion for summary judgment did not set forth any facts which would indicate that the plea of guilty was premised upon anything other than Hasty's admission of guilt. See OCGA § 9-11-56 (e). Moreover, Hasty failed to offer any other evidence bearing upon the issue of liability.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Doctors Bldg. Partners v. Grimes Bridge Assoc.,* 199 Ga. App. 216, 217 (2) (404 SE2d 582) (1991). Having found no genuine issue of material fact regarding Hasty's liability, the trial court was correct in granting Spruill's motion for summary judgment on this issue.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 24, 1993.

*B. Dean Grindle, Jr.,* for appellant.
*Charles B. Brown,* for appellee.