## S98A1556. MANNING v. MANNING.
### (508 SE2d 157)

CARLEY, Justice.

In 1994, Jeff and Darlene Manning were divorced and, under the terms of the final decree, he was to transfer certain assets to her. In May of 1995, Manning pled guilty to a charge that he committed an aggravated assault against his former wife, for which he received a probated sentence. It appears that, in August of 1996, Darlene Manning died, and Chaddrick Manning, who is her oldest child, was appointed as the Administrator of the estate. At the time of the death, some of the assets awarded to the late Darlene Manning in the divorce proceeding apparently still had not been transferred to her. The Administrator received information that Manning and others presumably acting on his behalf were removing items of property, including some which allegedly should have been transferred to the deceased under the terms of the divorce decree. Acting in his representative capacity, the Administrator brought suit against Manning, seeking both equitable and legal relief. The complaint sought an injunction against the further removal of property by Manning and his agents, and also alleged tort claims for damages for the 1995 aggravated assault on the deceased and for her 1996 wrongful death. The trial court granted an interlocutory injunction which froze Manning's assets and ordered the parties to separate the property belonging to the deceased from that belonging to Manning. After conducting a hearing, the trial court also granted the Administrator's motion for partial summary judgment as to Manning's liability on the tort claims. Manning appeals from those orders.

1. Manning enumerates as error the grant of the temporary injunction, urging that it effectuates an unauthorized pre-judgment garnishment of his property. It is clear, however, that the trial court did not issue the temporary injunction for the purpose of marshaling Manning's assets so as to satisfy any judgment that the Administrator might obtain on the tort claim. The order was intended to prevent Manning from disposing of property which rightfully belonged to the deceased under the divorce decree. Thus, the object of the injunctive relief was not to facilitate a future lien against Manning's property, but the protection from present dissipation of property which actually is owned by his ex-wife's estate. An injunction may issue where, as here, it is necessary "to preserve the status until the true rights of all the parties are ascertained. . . ." *Chapple v. Hight*, 161 Ga. 629, 632 (1) (131 SE 505) (1926).

Manning further contends that the temporary injunction violates his Sixth Amendment right by depriving him of assets which he could use to employ counsel to defend against a criminal charge in connection with his ex-wife's death. The only effect of the order is to

deprive Manning temporarily of the possession of assets so as to determine their rightful ownership. There is no Sixth Amendment "right to spend another person's money for services rendered by an attorney, even if those funds are the only way that [the] defendant will be able to retain the attorney of his choice." *Caplin & Drysdale v. United States*, 491 U. S. 617, 626 (III) (A) (109 SC 2646, 105 LE2d 528) (1989). The trial court did not abuse its discretion by granting the temporary injunction.

2. Manning contends that genuine issues of material fact remain as to his liability on the tort claim for the aggravated assault. A copy of the guilty plea Manning entered to the prior aggravated assault was attached to the complaint, and constitutes prima facie evidence of his commission of that crime against his ex-wife. *Hasty v. Spruill*, 207 Ga. App. 485 (428 SE2d 420) (1993). In opposition to the Administrator's motion, Manning relied upon his former wife's alleged admission "that she had been equally responsible for [their] difficulties. . . ." The victim's acknowledgment of shared responsibility for their marital difficulties would not constitute a defense to his liability for committing an aggravated assault against her. Thus, Manning did not meet the burden of "point[ing] to specific evidence giving rise to a triable issue. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The trial court correctly granted partial summary judgment as to the tort claim for aggravated assault.

3. Manning also urges that it was error to grant partial summary judgment as to his liability on the wrongful death claim. A review of the record shows no evidence establishing his ex-wife's precise cause of death, and none that his acts were the proximate cause of her demise. There is evidence that, at some point prior to her death, they engaged in a struggle. However, there is nothing to authorize a finding that Darlene Manning died as the result of any injuries inflicted by Manning during this struggle. In the absence of proof that the decedent's death was caused by a criminal or negligent act committed by Manning, there can be no recovery against him for her wrongful death. OCGA § 51-4-1 (2). Because the Administrator did not meet the burden of showing that no genuine issue of material fact remains as to Manning's liability, the trial court erred in granting partial summary judgment on the wrongful death claim.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 26, 1998.

*Ricky E. Jones,* for appellant.
*Mike S. Bennett, Sr., Michael S. Bennett, Jr.,* for appellee.