*779 BARNES, Presiding Judge,
concurring specially.
Given the record before us, I agree with the majority that the plaintiff’s negligence and breach-of-contract claims fail as a matter of law under the wrongful-conduct rule, but I do not agree with all that is said in the majority’s opinion regarding the guilty plea entered by Christopher Tiegreen. I therefore concur only in the judgment, and the majority opinion may not be cited as binding precedent. See Court of Appeals Rule 33 (a).
As the majority notes, under Georgia’s wrongful-conduct rule, “one may not profit from his own act of wrongdoing. Therefore, when one knowingly commits a wrongful act, he cannot use this act for personal gain.” O’Brien v. Bruscato, 289 Ga. 739, 742 (715 SE2d 120) (2011). The wrongful-conduct rule has been applied in both tort and breach-of-contract cases. See id.; Unigard Ins. Co. v. Zimmerman’s, Inc., 151 Ga. App. 394, 395-396 (1) (259 SE2d 652) (1979).
Notably, however, there is an exception to the wrongful-conduct rule in cases involving mentally ill patients who commit wrongful acts toward third parties while under the care or supervision of a hospital or mental health care provider. In that context, we have held:
[A] patient’s psychiatric disorder may prevent him from having the mental capacity to exercise control over his intentional behavior or, at least, from exercising a reasonable degree of care in order to prevent himself from harming others.... [T]he fact that a patient’s illegal act was volitional does not necessarily mean that it was a rational act for which the patient alone was responsible or which relieved . . . the hospital [or mental health care provider] of its duty to the patient.
(Citations omitted.) Bruscato v. O’Brien, 307 Ga. App. 452, 461-462 (2) (705 SE2d 275) (2010), aff’d, O’Brien v. Bruscato, 289 Ga. 739 (715 SE2d 120) (2011). See Ga. Osteopathic Hosp. v. O’Neal, 198 Ga. App. 770, 776-777 (9) (403 SE2d 235) (1991); Swofford v. Cooper, 184 Ga. App. 50, 54 (4) (360 SE2d 624) (1987). Thus, the wrongful-conduct rule does not bar a patient or his representative’s tort or contractual claim against a hospital or mental health provider for breaching a duty to treat and supervise a patient who harms a third party, where there is evidence that the patient suffered from a neurological or psychological condition that prevented him from exercising control over his own behavior or from otherwise exercising a reasonable degree of care to avoid harming others. See id.
*780 In moving for summary judgment in the present case, the defendants came forward with evidence that Tiegreen’s neurological condition caused by his traumatic brain injury did not prevent him from exercising control over his own behavior or from exercising a reasonable degree of care to avoid harming others. Specifically, the defendants pointed to evidence that Tiegreen pled guilty to several criminal offenses that he committed against third parties upon escaping from the supervision of the defendants.[5]
A guilty plea is admissible in a civil case and constitutes prima facie evidence of the facts admitted in the plea. See OCGA § 24-8-803 (22); Hasty v. Spruill, 207 Ga. App. 485, 486 (428 SE2d 420) (1993). Hence, by pleading guilty in his criminal case, Tiegreen admitted to the existence of the facts supporting the elements of the crimes to which he pled, including that the crimes were committed with the requisite culpable mental capacity See generally Wharton v. Anderson, 270 Ga. 22, 24 (2) (504 SE2d 670) (1998) (“Aplea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.”).
But, contrary to the majority’s suggestion, we have long held that admissions made as part of a guilty plea “are not conclusive [in civil cases] and may, therefore, be rebutted to create a genuine issue of material fact for the jury’s determination.” (Emphasis supplied.) Hasty, 207 Ga. App. at 486. See Miller v. Crumbley, 249 Ga. App. 403, 405 (2) (548 SE2d 657) (2001); Peacock v. Strickland, 198 Ga. App. 406, 406-407 (1) (401 SE2d 601) (1991); Kickasola v. Jim Wallace Oil Co., 144 Ga. App. 758, 761 (8) (242 SE2d 483) (1978).[6] As we have explained:
Georgia does not generally allow the record in a criminal prosecution to act as a bar to a later civil action arising *781 from the same transaction because the two actions are not between the same parties and because the rules as to the competency of witnesses and the weight of evidence required for a finding are different,. . . . Therefore, . . . neither res judicata nor collateral estoppel apply.
McGuire v. Witcher, 201 Ga. App. 685, 686 (411 SE2d 875) (1991).[7]
Based on this precedent, if the party moving for summary judgment presents evidence that the nonmovant entered into a guilty plea admitting to certain facts relevant to the case, the burden then shifts to the nonmovant to produce evidence rebutting the admission contained in the guilty plea sufficient to create a genuine issue of material fact for trial. See Hasty, 207 Ga. App. at 486. Accordingly, once the defendants in this case came forward with evidence of Tiegreen’s guilty plea, the burden shifted to the plaintiff to produce rebuttal evidence reflecting that Tiegreen suffered from a mental condition that prevented him from exercising control over his own behavior or from otherwise exercising a reasonable degree of care to avoid harming others. See id. This, however, the plaintiff failed to do.
In her appellate brief, the plaintiff points to a neuropsychological evaluation of Tiegreen conducted by a Dr. Hugh Brown to show that Tiegreen had no control over his impulsive behavior as a result of his traumatic brain injury. But there are no deposition transcripts or affidavits from Dr. Brown in the record before us. And while Dr. Brown’s neuropsychological evaluation was marked as an exhibit during the plaintiff’s deposition, it was never properly authenticated and thus could not be considered on motion for summary judgment.[8] See Maloof v. Metro. Atlanta Rapid Transit Auth., 330 Ga. App. 763, 765 (1) (769 SE2d 174) (2015) (“Admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally”) (citation and punctuation omitted); Thomason v. FLA Card Svcs., 330 Ga. App. 603, 605 (768 SE2d 785) (2015) (unauthenticated exhibits were not competent proof for purposes of summary judgment). Moreover, the neuropsychological *782 evaluation is not included in the appellate record and thus is not available for our review. The plaintiff therefore has failed to point to any competent evidence in the record reflecting that Tiegreen had a neurological or psychological condition that prevented him from exercising control over his behavior or from exercising a reasonable degree of care to avoid harming others.
Decided July 7, 2016
Weaver Law Firm, Michael L. Weaver, Sr., Daniel L. Parr, Sr., for appellants.
Hawkins, Parnell, Thackston & Young, Peter R. York, L. Kristin Brock, for appellees.
Given that Tiegreen’s guilty plea to the crimes stood unrebutted, the plaintiff’s tort and contract claims failed as a matter of law based on the wrongful-conduct rule.[9] Consequently, while I do not agree with all of the majority’s legal analysis, I agree with the majority’s ultimate conclusion that the plaintiff could not succeed on her tort and contract claims.

 A special jury found Tiegreen mentally competent to stand trial in his criminal case, see Tiegreen v. State, 314 Ga. App. 860 (726 SE2d 468) (2012), but that finding does not have preclusive effect in the current civil case because the two proceedings are not between the same parties or their privies. See Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 867 (2) (463 SE2d 5) (1995) (per curiam) (preclusion doctrines of res judicata and collateral estoppel “require! ] the identity of the parties or their privies in both actions”).

 O’Brien, 289 Ga.739 does not require a different conclusion regarding the effect of a guilty plea. In that case, the patient whose wrongful conduct was at issue had not pled guilty to any crimes. Our Supreme Court in O’Brien thus did not address the circumstance where the plaintiff’s admissions as part of a guilty plea conflict with other evidence in the record (such as expert psychiatric testimony) regarding the plaintiff’s mental capacity. In that latter circumstance, our binding precedent reflects that the guilty plea should be treated only as prima facie evidence of the facts admitted in the plea that can be rebutted to create a genuine issue of material fact for trial, as indicated in the cases cited above.

 In certain civil proceedings relating to a decedent’s estate, “[a] final judgment of conviction or a guilty plea for murder, felony murder, or voluntary manslaughter is conclusive!.]” OCGA § 53-1-5 (d). That statute clearly does not apply here. Furthermore, OCGA § 53-1-5 (d) reflects that if the legislature wished to make criminal convictions and guilty pleas conclusive in civil proceedings more generally, it knew how to do so. “We must presume that its failure to do so was a matter of considered choice.” (Citation and punctuation omitted.) Inland Paperboard & Packaging v. Georgia Dept. of Revenue, 274 Ga. App. 101, 104 (616 SE2d 873) (2005).

 In the trial court, the defendants challenged the admissibility of the plaintiff’s evidence of Tiegreen’s lack of mental capacity.

 Because the plaintiff could not succeed on her substantive claims for negligence and breach of contract, her claims for punitive damages and attorney fees also failed as a matter of law. See DaimlerChrysler Motors Co. v. Clemente, 294 Ga. App. 38, 52 (5) (668 SE2d 737) (2008).