Robin Keene **WILLIAMS**, Appellant,

v.

The **HOME INDEMNITY COMPANY**, Appellee.

No. A14–86–223–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1987.

Donald Dewberry, Houston, for appellant.

Edward J. Mahar, Michael Phillips, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment granted in favor of appellee. At issue is whether appellant was entitled to workers' compensation benefits as the wife of the deceased and whether her petition alleging that the appellee had acted in bad faith by refusing to pay death benefits stated a cause of action. We affirm.

In February 1980 the deceased and appellant began living together while attending college in Norfolk, Virginia. Shortly thereafter, they held a private marriage ceremony, in which they placed their hands on a Bible and vowed they were married. There were no witnesses to this "ceremony." Afterwards, as husband and wife they continued to live together. They then moved to New York. There, they continued to live together as husband and wife and a child was born. Approximately a year-and-half after the "ceremony," the deceased came to Houston, Texas to secure employment. After securing employment at a convenience store, he rented an apartment in the names of himself and appellant. However, before moving in and reuniting with appellant and his child, he was murdered during the course of a robbery while working at the convenience store.

At the Texas Industrial Accident Board hearing appellee admitted coverage, but contended appellant was not entitled to benefits because she was not the wife of the deceased. Appellee argued that neither Virginia nor New York recognized a common law marriage and that the relationship between appellant and the deceased did not qualify as a common law marriage under the Texas statute. The Board found appellant to be the deceased's wife and made its award to both appellant and the minor child. Appellee gave notice of appeal to the district court. Almost two years later, appellant filed a separate cause of action alleging that appellee "refused to pay the claim without just cause and in bad faith." The district court realigned the parties, consolidated the two causes of action, and appointed a guardian ad litem to represent the child. Upon appellee's proper request, the trial court took judicial notice of the laws of both Virginia and New York, neither of which recognize a common law marriage. Subsequently, appellee's motions for summary judgment were granted in both causes of action.

In her first point of error appellant contends the court "erred in not applying Texas law" in determining whether she was the surviving wife of the deceased. Traditionally, in determining the validity of a marriage, Texas courts have applied the law of the place where it was celebrated. *Braddock v. Taylor*, 592 S.W.2d 40 (Tex. Civ.App.—Beaumont 1979, writ ref'd n.r. e.); *Nevarez v. Bailon*, 287 S.W.2d 521 (Tex.Civ.App.—El Paso 1956, writ ref'd). If this rule is still to be applied, the court, without doubt, properly applied the laws of Virginia and New York.

Appellant, however, citing *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex.1984) and *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex.1979), argues that the choice-of-law decision should be made on the basis of the most significant relation-

ship approach. In fact, the Fort Worth Court of Appeals recently held that this approach, rather than the place of celebration test, should be applied to determine choice of law in a marriage context. *Seth v. Seth*, 694 S.W.2d 459 (Tex.App.—Fort Worth 1985, no writ).

However, we see no reason to enter into any extended discussion of which test to apply for the simple reason that even if Texas law should be applied, the result is the same. The Texas Family Code provides that the informal marriage of a man and woman may be proved by evidence that "they agreed to be married, and after the agreement they *lived together in this state* as husband and wife *and there represented* to others that they were married." Tex. Fam.Code Ann. § 1.91(a)(2) (Vernon 1975) (emphasis added). Prior to the taking of her deposition, appellant had never even visited Texas. Certainly she and the deceased did not live together in this state or here represent themselves to others as husband and wife. Therefore, under the laws of Texas, New York and Virginia, appellant was not the wife of the deceased. Appellant's first point of error is overruled.

In her second point appellant contends the court erred in granting summary judgment on her cause of action alleging that appellee had acted in bad faith in refusing to pay death benefits. However, in light of our holding in appellant's first point of error we need not reach the merits of this contention.

Since we held that she is not the lawful wife of the deceased, appellant, individually, has no standing to bring a cause of action against appellee. *Develo-Cepts, Inc. v. City of Galveston*, 668 S.W.2d 790, 793 (Tex.App.—Houston [14th Dist.] 1984, no writ). Although appellant also brought the cause of action as guardian and next friend of the child, her attorney conceded during oral argument that this point of error was being advanced solely by appellant, individually, because a guardian ad litem was representing the child's interests. In fact, in her amicus curiae brief the guardian ad litem asks this court to affirm the trial court's judgment. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.