Andrew BOLASH, Appellant,

v.

Carol HEID, Appellee.

No. 04–86–00023–CV.

Court of Appeals of Texas,
San Antonio.

June 30, 1987.

Lewis Buttles, San Antonio, for appellant.

Marshall Fein, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

CADENA, Chief Justice.

Appellee's motion for rehearing is denied. However, the opinion previously filed is withdrawn and the following is substituted as the opinion of this court.

Defendant, Andrew Bolash, appeals from a judgment granting plaintiff, Carol Heid, a divorce and awarding her a one-half interest in a residence located in San Antonio. Plaintiff asserts, among other things, that the finding that the residence is community property cannot stand because there is insufficient evidence to support a finding that the parties entered into a common law marriage in December, 1977.

■ The finding of a common law marriage is justified only if the evidence shows that the parties agreed to be married, that they thereafter lived together as husband and wife and publicly represented that they were married. *Claveria v. Claveria*, 615 S.W.2d 164, 166 (Tex.1981). All three of the required elements must exist at the same time. *Gary v. Gary*, 490 S.W.2d 929, 934 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.).

■ In December, 1977, defendant was employed in Nigeria and would on occasions spend some time in this country. In December, 1977, he came to San Antonio to see plaintiff, from whom he had been divorced a short time previously. Plaintiff visited him in his hotel room at about 1:30 A.M., and drove him to her apartment where they spent the night and had sexual relations. According to plaintiff's testimony, they agreed to be husband and wife. Plaintiff denied such agreement, but plaintiff's testimony is sufficient to support a finding of the existence of the requirement agreement.

■ Apparently, defendant left San Antonio the following day, but according to plaintiff's testimony, returned to San Antonio several times during the next four years and stayed with plaintiff on each occasion. She testified that they traveled together on occasion to New York, Atlanta, Las Vegas and Europe. Although defendant testified that he had returned to this country several times when he did not see plaintiff, and although plaintiff admitted that she did not know where defendant worked in Nigeria and did not know how to get in touch with him there, her testimony that they were together each time he came to this country is sufficient to support the finding that they lived together as husband and wife to the extent possible under the circumstances.

■ The evidence is insufficient to establish that plaintiff and defendant held each other out to the public as husband and wife until 1979, after the house in question had been purchased in October, 1978. The deed named only defendant as grantee and the deed of trust securing the purchase money loan recited that it was executed by defendant, who was described in the instrument as a single man. Plaintiff testified that she took an active part in the search for and selection of the house and in the negotiations for the required loan. The evidence showed that plaintiff never used the name "Bolash," and she testified that when defendant was introduced to others by her she introduced him simply as "Andy."

Plaintiff's mother testified that defendant always referred to plaintiff as his wife when he was with her in the house which he had purchased for her. It is apparent that such "holding out," which was essential to the existence of a common law marriage, occurred after the purchase of the house in question. Other testimony of such holding out is, at best, in vague and general terms and gives no clue as to the time that it occurred, except for the evidence of the airline courtesy cards and cards for which defendant applied in 1979, after the purchase of the residence.

If the evidence is, in fact, sufficient to establish the required holding out, it shows the concurrence of the three essential elements of a common law marriage only after the house was purchased. While this may be sufficient to support a finding of a common law marriage at the time of the divorce trial, it is insufficient to support a finding that plaintiff and defendant were husband and wife when the property was purchased. The trial court's finding that the house was community property is against the overwhelming weight and preponderance of the evidence.

■ Defendant also urges that the uncontradicted evidence that he took part in a ceremonial marriage in 1984 created a presumption against the continued existence of any previous marriage. We do not rely on this presumption, since it is apparent that the presumption is to be indulged only when necessary to preserve the validity of a subsequent marriage, and even then, only when the second marriage is entered into in Texas. TEX.FAM.CODE ANN. § 2.01 (Vernon 1975).

The portion of the judgment dissolving the marriage between plaintiff and defendant is affirmed and severed from the remainder of the judgment. The portion awarding plaintiff an interest in the residence is reversed and the cause is remanded to the trial court for a new trial with reference to the division of the property.[1] Each party will pay one-half of the costs.

---

1. Defendant's points concern only the factual sufficiency of the evidence and he prays only for a remand.