*In re* BORROUGHS ESTATE

(POINDEXTER v CHAMBERS)

Docket No. 133884. Submitted April 14, 1992, at Detroit. Decided May 5, 1992, at 9:05 A.M.

Jeannette Poindexter petitioned the Wayne Probate Court for a declaration that, under Texas law, she had been the common-law wife of Robert Borroughs, who died intestate in Michigan. Borroughs' siblings and the children of his deceased siblings, claiming to be his sole heirs at law, responded to oppose the petition. The court, Freddie G. Burton, Jr., J., denied the petition, ruling the purported common-law marriage to be invalid under Texas law. The petitioner appealed.

The Court of Appeals *held:*

1. Although common-law marriages no longer may be contracted in Michigan, this state recognizes the validity of common-law marriages entered into in accordance with the laws of states that allow such marriages.

2. A common-law marriage is valid in Texas if the parties agree to be husband and wife, live together in Texas as husband and wife, and hold each other out to the public as husband and wife.

3. In this case, the petitioner failed to prove that she and the decedent had lived together in Texas. The probate court did not err in refusing to declare that there had been a common-law marriage between the petitioner and the decedent.

Affirmed.

HUSBAND AND WIFE — COMMON-LAW MARRIAGE.

Although common-law marriages no longer may be contracted in Michigan, Michigan recognizes the validity of common-law marriages entered into in accordance with the laws of states that allow such marriages.

*Miller & Berg, P.C.* (by *Carole Chase-Klein*), for the petitioner.

REFERENCES

Am Jur 2d, Marriage § 95.

Judicial declaration of validity or existence of common-law marriage. 92 ALR2d 1102.

*Benjamin Whitfield, Jr.,* for the respondents.

Before: GRIBBS, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. This appeal is brought by Jeannette Poindexter, who claims to be the common-law wife of the deceased, Robert Burroughs. Mr. Burroughs died intestate, and probate proceedings were commenced in 1989. The appellees are the siblings and the children of the deceased siblings of Robert, and they claim to be his sole heirs.

In 1990, the probate court denied Jeannette's claim of a valid common-law marriage under the laws of Texas. On September 11, 1990, the court entered its written opinion, finding that Jeannette's proofs failed with regard to the element of cohabitation within the State of Texas, thereby finding her not to be Robert's widow.

Texas statutory and common law and the facts in this case must be considered to determine if the evidence is insufficient as a matter of law. Although common-law marriages may no longer be contracted in Michigan, this state does recognize the validity of common-law marriages entered into in accordance with the laws of states that allow that form of marriage. *In re Brack Estate,* 121 Mich App 585, 588; 329 NW2d 432 (1982). The purported marriage in this case took place in Texas. For a valid common-law marriage to occur in Texas, three elements are necessary: (1) an agreement presently to be husband and wife; (2) living together in Texas as husband and wife; and (3) holding each other out to the public as husband and wife. *Winfield v Renfro,* 821 SW2d 640 (Tex Civ App, 1991); *Garduno v Garduno,* 760 SW2d 735 (Tex Civ App, 1988). The elements of agreement and holding out do not appear to be in dispute in

this case. The decisive issue, therefore, is whether the element of cohabitation was satisfied.

In Texas, claims of common-law marriage are closely scrutinized by the courts. Strict requirements necessitating proof of each of the elements of such marriage must be established before the courts will lend judicial sanction to any assertion that a marriage relationship exists. *Chatman v State,* 513 SW2d 854 (Tex Civ App, 1974).

The term "lived and cohabited together as husband and wife" means living together, claiming to be married, and doing those things ordinarily done by husband and wife. *Walter v Walter,* 433 SW2d 183 (Tex Civ App, 1968). There is no specified length of time the parties must live together, but there must be a constancy of dwelling together. *Walter, supra.* There exists at least some authority that the cohabitation must occur in Texas, *Walter, supra,* or that the contacts with Texas must be substantial, *In re Estate of Willard,* 93 NM 352; 600 P2d 298 (1979).

The probate court concluded that, as a matter of law, the evidence was insufficient to support a finding of cohabitation in Texas. Jeannette and Robert lived together in Michigan since the mid-1960s. From December 1982 until October 1983, Jeannette leased an apartment in Houston while she was Dean of Nursing at a university. Robert remained in Michigan, and would fly to Texas once a month for a weekend. Jeannette would also fly to Michigan on occasion. Robert also spent his vacation in Houston. In October 1983, Jeannette moved back to Michigan and commuted to Texas for the remaining year of her employment.

The cohabitation requirement of the Texas statute has been literally interpreted by the courts in Texas and elsewhere, which have narrowly focused on the domicile of the parties and other policy

rationales for their interpretation. In *In re Estate of Stahl,* 13 Ill App 3d 680; 301 NE2d 82 (1973), the court focused on the domicile of the parties and held that a person can have only one domicile and must meet two criteria to establish a domicile. First, a person must physically go to the new home and live there. Second, the person must do so with the intention of making it the permanent home. *Id.* at 683. Although proof of legal residency in the state in which the common-law marriage is claimed is unnecessary, lack of it is a factor to be considered. *In re Estate of Bivian,* 98 NM 722; 652 P2d 744 (1982). In *Bivian,* the court advanced policy reasons for literally interpreting the statute as requiring the parties to cohabit in the State of Texas by stating:

> [B]ecause of the mobility of modern society, the possibility of fraud arising from claims of common-law marriage, and the uncertainty which such claims of marriage inject into the affairs of individuals, it is not enough to establish a common-law marriage that the parties have together made occasional visits to a jurisdiction that recognizes common-law marriages. [*Id.* at 727.]

In some cases, the courts have found a common-law marriage to exist where one of the parties does not reside in Texas but visits as often as possible under the given circumstances. See, e.g., *Winfield, supra; Bolash v Heid,* 733 SW2d 698 (Tex Civ App, 1987). In such cases, however, one of the parties resided in Texas. Here, neither Jeannette nor Robert was a permanent resident of Texas. The fact that Robert maintained the family home in Michigan negates a finding of cohabitation in Texas. We agree with the probate judge that Jeannette cannot "transplant her long time relationship with Decedent in Michigan to Texas" on the

basis of the facts presented herein. Living together in Michigan does not satisfy the Texas cohabitation element. *Williams v Home Indemnity Co,* 722 SW2d 786, 788 (Tex Civ App, 1987).

Affirmed.