ACCEPTED
03-14-00267-CV
5082106
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 1:21:26 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00267-CV

In the Third Court of Appeals

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 1:21:26 PM
JEFFREY D. KYLE
Clerk

**DAISY WANDA GARCIA,** *APPELLANT*

*v.*

**THOMAS LEE BAUMGARTEN**, *APPELLEE*

APPEAL FROM CAUSE NO. D-1-GN-12-002429
201ST DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. CHARLES RAMSEY PRESIDING

## APPELLANT'S REPLY RE EMERGENCY MOTION TO ABATE

John L. Foster
Texas Bar No. 07289000
FOSTER RAMSEY
812 San Antonio Street
Suite 400
Austin, Texas 78701
512-476-4473
512-474-1606 (Fax)
jfoster@fosterramsey.com
Lead Counsel

*Counsel for Appellant*
*Daisy Wanda Garcia*

Stephen Casey
Texas Bar No. 24065015
CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
info@caseylawoffice.us

# REPLY

1. Respondent holds Movant to a ***distinction*** between formal and informal marriage that is never examined or questioned in any of the referenced items.

2. The decision between formal and informal marriage is a factual matter that could result in her designation as the community property or separate property heir in the Harris County will contest. *See Hundl v. Nigh*, 1996 Tex. App. LEXIS 600, 9 (Tex. App.—Houston 14th Dist. Feb. 15, 1996) (stating that "the cohabitation element is determined on a case by case basis" and "the family code and the common law fail to provide a bright-line test to determine the length of time a couple must cohabitate" to satisfy an informal marriage.). Also, that the parties did not reside together is not, as a matter of law, sufficient to deny this motion. *Id.* at 9 (that the informal wife, did not reside with the informal husband, was insufficient to deny the informal marriage existed.); *Bolash v. Heid*, 733 S.W.2d 698, 699 (Tex. App.—San Antonio 1987).

3. In *Bolash v. Heid*, the parties didn't even live in the same country, rarely saw each other, and only cohabitated for a short time. *Id.* Still, the court found that the evidence was sufficient to establish an informal marriage in a dispute over the rights to a house that was allegedly commonly purchased. *Id.* (the house, though, was factually determined to have been purchased two months before the informal marriage existed). The *Bolash* court acknowledged a factual determination of the issue. Here, the Harris County court is make that determination at the trial level, and Appellee is entitled to marshal its evidence to deny such an informal marriage existed; however, this Court should not decide this case until such time as the Harris County court has made a factual determination that would have an effect on the disposition of this case.

4. Both parties expressly made factual averments as to marriage status at multiple points within this State's real property records and on contracts. Those admissions are factual issues to be dealt with in the Harris County will contest. *See Hundl v. Nigh*, No. 14-94-01145-CV, 1996 Tex. App. LEXIS 600, at *9 (couple held separate bank accounts and separately filed taxes; yet, factual inquiry determined that informal marriage existed); *but see Small v. McMaster*, 352 S.W.3d 280, 286 (Tex. App.—Houston 14th Dist. 2011) (filing taxes separately, when considered with other factual representations and findings, weighed against informal marriage). Again, it is a factual inquiry best made in the Harris County probate court while this case is abated.

5. Should the Harris County will contest determine the informal marriage existed, the nature of the attempted settlement is fundamentally changed, which will have an *a priori* direct affect on the disposition of this appeal.

6. As the settlement agreement and release are all subsumed within one agreement, a decision in the Harris County will contest will unquestionably affect the disposition of this appeal.

7. The presumption addressed by Texas Family Code § 2.401(b) is a *rebuttable* presumption. The presumption is not conclusive, and the contest addressing that presumption is the will contest in Harris County. Should Garcia succeed in rebutting that presumption (which is an important question given the value of the house and the factual issues present—that both parties did hold themselves out as husband and wife), then such decision from the Harris County will contest will affect the disposition of this appeal. Appellee wants a jurisdictional standard without any hearing. It is a factual issue that first needs to be resolved by the Harris County probate court.

8. Garcia never stated the parties did not have an informal marriage. One of her contentions in the will contest, and to this day, was that he never went through with a marriage ceremony. Even contradictions in sworn deposition testimony are not conclusive; rather, a factual trial inquiry is needed, which will happen through the Harris County will contest. *See In re Almanza*, 2007 Tex. App. LEXIS 3386, 6 (Tex. App. Waco May 2, 2007) (factual contradictions within case and deposition testimony precluded summary judgment on whether an informal marriage existed because at one point **the other party had agreed to marry**). Here, Garcia has held out that he bought her an engagement ring to show his intent to marry her after his proposal and she fully believed they would marry—and this is from Appellee's own response to this motion. *See* Resp. Appellee at 13. (engagement ring and her belief they would formally marry).

9. Garcia (and her counsel on her behalf), based on the highly technical, factual distinction and nature of the inquiry into the distinction between formal and informal marriage, has a colorable legal argument and should not be sanctioned. *See In re Almanza*, 2007 Tex. App. LEXIS 3386, 6 (Tex. App. Waco May 2, 2007) (factual inquiry into informal marriage).

**Prayer**

Appellant prays this Court grant this Motion to Abate.

/s/ Stephen Casey
John L. Foster
Texas Bar No. 07289000
FOSTER RAMSEY
812 San Antonio Street
Suite 400
Austin, Texas  78701
512-476-4473
512-474-1606 (Fax)
jfoster@fosterramsey.com

Stephen Casey
Texas Bar No. 24065015
CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
stephen@caseylawoffice.us

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon counsel for Appellee on Wednesday, April 29, 2015, via electronic transmission:

Nicholas Laurent, *Counsel for Appellee*
nlaurent@mcginnislaw.com

/s/ Stephen Casey