

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00209-CV

_____

RAYMOND LUNA, Appellant

V.

ROSARIO GARCIA, Appellee

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-709504-21

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Raymond Luna appeals the trial court's summary judgment terminating his divorce proceeding against Appellee Rosario Garcia on the ground that Luna had failed to raise a fact issue regarding the existence of an informal marriage between the parties. In two issues,[1] Luna argues that (1) because Garcia's summary-judgment motion was, in substance, a traditional motion—not a no-evidence motion—we should apply the traditional-summary-judgment standard of review and (2) the trial court erred by granting Garcia's summary-judgment motion because Luna raised a fact issue on each element needed to prove the existence of an informal marriage. While we agree that Garcia's motion is properly characterized as a traditional summary-judgment motion and therefore sustain Luna's first issue, we nevertheless affirm the summary judgment because Luna failed to meet his burden to raise a fact issue on a challenged informal-marriage element.

---

[1]Luna's brief actually lists three issues. In his second issue, he argues that he carried his burden to establish a fact issue under the traditional-summary-judgment standard, and in his third issue, he argues that he carried his burden to establish a fact issue under the no-evidence-summary-judgment standard. Because only one of these standards applies, we will treat Luna's second and third issues as a single complaint. *See Espey v. Crown Minerals Co.*, No. 09-93-053-CV, 1994 WL 503969, at *3 (Tex. App.—Beaumont Sept. 15, 1994, writ dism'd by agr.) (not designated for publication) (treating separate points of error as a single complaint); *McKinney v. Meador*, 695 S.W.2d 812, 813 (Tex. App.—Tyler 1985, writ ref'd n.r.e) (combining all of appellant's points addressing separate elements of prejudgment interest claim and treating them as one challenge to the propriety of awarding prejudgment interest).

## II. BACKGROUND

In November 2021, Luna sued Garcia for divorce. In his petition, Luna alleged, among other things, that he and Garcia "were married on or about March 18, 2002[,] and ceased to live together as spouses on or about August 14, 2020."

Garcia filed an answer in which she generally denied all of the allegations in Luna's divorce petition. In addition, she asserted as a verified defense that Luna was not entitled to recover in the capacity in which he had sued "because there [was] no existing marriage between the parties."

In May 2022, Garcia filed a summary-judgment motion to which she attached a number of exhibits, including tax returns and deed records, that she argued "clearly show[ed]" that Luna and Garcia had not represented "to the general public or others" that they were married. She also attached an affidavit in which she averred, among other things, that "[Luna] had a home of his own where he was living with another woman" and that "in the time [Luna and Garcia] had a relationship, [Luna] never presented [Garcia] as his wife to his children" and "his children never socialized with [Garcia] or [her] family because they knew [Garcia] was not their father's wife."

Luna filed a response to Garcia's summary-judgment motion in which he objected to certain of Garcia's summary-judgment evidence.[2] As an exhibit, he

_____

[2]Luna does not complain about Garcia's summary-judgment evidence on appeal. In any event, because Luna failed to obtain a ruling from the trial court on his evidentiary objections, he failed to preserve them for appellate review. *See* Tex. R. App. P. 33.1(a); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P.,*

3

attached his own affidavit, which he argued established issues of material fact as to all of the required elements of an informal marriage.

In May 2023, the trial court held a hearing on Garcia's summary-judgment motion. At the start of the hearing, Garcia's counsel advised the court that although the motion was styled as a traditional motion, it was actually a no-evidence motion.[3] Luna did not object to this characterization and proceeded to argue that he had satisfied his burden to create a fact issue under the no-evidence-summary-judgment standard.

After taking the matter under advisement, the trial court signed an order granting Garcia's summary-judgment motion.[4] This appeal followed.

## III. DISCUSSION

### A. Garcia's Motion Is a Traditional Summary-Judgment Motion

In his first issue, Luna asserts that Garcia's summary-judgment motion is properly characterized as a traditional motion—not a no-evidence motion—and that,

---

499 S.W.3d 169, 176 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Generally, a party forfeits an objection when the party . . . fails to obtain a ruling on any objection to summary-judgment evidence." (citing *Dolcefino v. Randolph*, 19 S.W.3d 906, 925–26 (Tex. App.—Houston [14th Dist.] 2000, pet. denied))).

[3]Specifically, Garcia argued that there was no evidence that Garcia and Luna had represented to others that they were a married couple. *See* Tex. Fam. Code Ann. § 2.401(a)(2).

[4]The trial court's order is styled "Order Granting Respondent's Motion for Summary Judgment" and does not specify whether summary judgment was granted on traditional or no-evidence grounds. *See* Tex. R. Civ. P. 166a(b)–(c), (i).

4

therefore, we should review the trial court's decision under the traditional-summary-judgment standard.[5] We agree.

"A no-evidence motion must state the elements as to which there is no evidence and must be specific in challenging the evidentiary support for a claim or defense." *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 (Tex. App.—Fort Worth 2008, no pet.) (citing Tex. R. Civ. P. 166a(i) & cmt.); *accord Garcia*, 287 S.W.3d at 818–19. This requirement is strictly construed. *Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 814 (Tex. App.—Waco 2007, no pet.) (citing *Meru v. Huerta*, 136 S.W.3d 383, 386 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.)). Thus, a no-evidence motion that only generally challenges the sufficiency of the nonmovant's case and fails to specifically challenge the evidentiary support for one or more elements is fundamentally defective and insufficient to support summary judgment as a matter of law. *Fieldtech Avionics & Instruments, Inc.*, 262 S.W.3d at 824 (citing *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). A summary-

---

[5]In essence, Luna's first issue is an objection to the legal sufficiency of Garcia's purported no-evidence motion, an issue that can be raised for the first time on appeal. *See Cuyler v. Minns*, 60 S.W.3d 209, 213–14 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *see also Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 818 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied) (recognizing split in Texas case law and joining "the majority of Texas courts" in holding that the legal sufficiency of a no-evidence summary-judgment motion may be raised for the first time on appeal). Thus, we address the merits of Luna's first issue even though he did not object in the trial court to Garcia's characterization of her summary-judgment motion as a no-evidence motion.

judgment movant may combine no-evidence and traditional grounds in the same motion, but such a motion must "clearly set[] forth its grounds and otherwise meet[] Rule 166a's requirements."[6] *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004).

Although Garcia's motion listed the three elements that must be proven to establish an informal marriage, it failed to identify any specific element as to which there is no evidence. Instead, her motion merely stated in a conclusory fashion that "[t]here is no genuine issue as to any material fact necessary to establish that [Luna] and [Garcia] were married." Thus, Garcia's motion is fundamentally defective and legally insufficient to support summary judgment on no-evidence grounds. *See Fieldtech Avionics & Instruments, Inc.*, 262 S.W.3d at 824; *see also* Tex. R. Civ. P. 166a(i).

Further, Garcia (1) simply labeled her motion a "Motion for Summary Judgment," (2) did not cite any summary-judgment rules or otherwise specify whether she moved under traditional or no-evidence grounds, and (3) attached summary-judgment evidence to her motion. As a result, Luna, who responded only on traditional grounds, did not receive sufficient notice that Garcia sought a no-evidence summary judgment under Rule 166a(i). This lack of notice bolsters our conclusion that Garcia's motion should be treated as one seeking traditional summary judgment.

---

[6]Garcia contends that her summary-judgment motion was a hybrid motion seeking relief on both traditional and no-evidence grounds. However, as discussed in greater detail below, Garcia's motion neither clearly set forth its no-evidence grounds nor complied with Rule 166a(i)'s requirements. *See Binur*, 135 S.W.3d at 651. Thus, it is properly characterized as a purely traditional motion.

*See Brown v. Hearthwood II Owners Ass'n, Inc.*, 201 S.W.3d 153, 157 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("Where the nonmovant does not receive notice that a no-evidence summary judgment is sought, we presume that the movant sought traditional summary judgment." (citing *Adams v. Reynolds Tile and Flooring, Inc.*, 120 S.W.3d 417, 420 (Tex. App.—Houston [14th Dist.] 2003, no pet.))); *see also J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 195 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (treating motion for summary judgment as traditional because movant failed to specify whether it brought motion on traditional or no-evidence grounds and thus provided insufficient notice that it sought no-evidence summary judgment under Rule 166a(i)); *McArdle v. Stahl*, No. 03-04-00817-CV, 2006 WL 1648988, at *1 n.1 (Tex. App.—Austin June 15, 2006, no pet.) (mem. op.) (treating motion for summary judgment as traditional because movant failed to specify whether he brought motion on traditional or no-evidence grounds and attached evidence to motion but also argued there was no evidence of certain elements of non-movants' claims).

Because Garcia's motion did not comply with Rule 166a(i)'s specificity requirements and failed to provide Luna with sufficient notice that she sought summary judgment on no-evidence grounds, we sustain Luna's first issue and will apply the traditional-summary-judgment standard of review. *See Fieldtech Avionics & Instruments, Inc.*, 262 S.W.3d at 824–25; *see also Brown*, 201 S.W.3d at 157.

**B. Luna Did Not Meet His Burden to Raise a Fact Issue**

In his second issue, Luna argues that he raised a fact issue as to each element needed to establish the existence of an informal marriage. We disagree.

### 1. Standard of Review

We review a traditional summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence that raises a fact issue. *Van v. Peña*, 990 S.W.2d 751, 753 (Tex. 1999).

### 2. Application to the Present Case

In Texas, an informal marriage can be proved by evidence establishing three elements: (1) the couple agreed to be married; (2) after the agreement, they lived

8

together in Texas as spouses; and (3) they represented to others that they were married. Tex. Fam. Code Ann. § 2.401(a)(2); *Nguyen v. Nguyen*, 355 S.W.3d 82, 88–89 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The party seeking to establish the marriage's existence bears the burden of proving the three elements by a preponderance of the evidence. *Nguyen*, 355 S.W.3d at 88 (citing *Weaver v. State*, 855 S.W.2d 116, 120 (Tex. App.—Houston [14th Dist.] 1993, no pet.)). "Until the three elements co-exist, there is no . . . marriage." *Winfield v. Renfro*, 821 S.W.2d 640, 648 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing *Bolash v. Heid*, 733 S.W.2d 698, 699 (Tex. App.—San Antonio 1987, no writ)).

In her motion, Garcia challenged the third element, arguing that the exhibits attached to her motion "clearly show[ed] that the parties did not hold out to the general public or others [that they were] married." These exhibits included Garcia's 2017 and 2018 federal income tax returns in which she listed her filing status as single; Luna's 2018 and 2019 federal income tax returns in which he likewise listed his filing status as single; two warranty deeds, one from 2004 and one from 2007, describing Luna as a "single" person;[7] and a bank statement showing that Luna held a joint bank account with another woman. Garcia also attached an affidavit to the motion in which she averred, among other things, that "[Luna] never presented [Garcia] as his

---

[7]The 2007 warranty deed listed Luna as the grantor and Garcia as the grantee and described each of them as "a single person."

wife to his children" and that "[Luna's] children never socialized with [Garcia] or [her] family because they knew [Garcia] was not their father's wife."

Because Garcia's summary judgment evidence showed that she and Luna had not consistently conducted themselves as husband and wife in the public eye such that the community viewed them as married, it was sufficient to negate the third element of informal marriage. *See Danna v. Danna*, No. 05-05-00472-CV, 2006 WL 785621, at *2 (Tex. App.—Dallas Mar. 29, 2006, no pet.) (mem. op.) (characterizing a proponent spouse's burden under informal marriage's third element as demonstrating that the proponent and protesting spouse had "both consistently conducted themselves as husband and wife in the public eye" such that "the community viewed them as married"); *cf. Eris v. Phares*, 39 S.W.3d 708, 714–17 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding evidence factually insufficient to support informal marriage's third element when warranty deed listed protesting spouse as "a 'single person,'" no witness at trial testified that protesting spouse had ever introduced proponent spouse as her husband, and proponent spouse had told only a handful of friends that he and protesting spouse were married). Therefore, the burden shifted to Luna to come forward with competent controverting evidence that raised a fact issue as to the third element. *See Van*, 990 S.W.2d at 753.

But Luna failed to do so. The only summary judgment evidence that Luna produced was his affidavit in which he averred, in pertinent part, that he and Garcia had "told other people [that they] were a married couple," including Garcia's sister

10

and older daughter. At most, Luna's statement reflects only isolated references to others that he and Garcia were married, but such isolated references constitute "no evidence" of holding out to the public that a marriage exists. *Ex parte Threet*, 333 S.W.2d 361, 364 (Tex. 1960); *see Nichols v. Lightle*, 153 S.W.3d 563, 571 (Tex. App.—Amarillo 2004, pet. denied) (holding nonmovant's affidavit reflecting "only isolated references" to others that parties were married was "not evidence of 'holding out' to others that a marriage exists" and was therefore insufficient to raise a genuine issue of fact on the third element of informal marriage (first citing *Threet*, 333 S.W.2d at 364; and then citing *Winfield*, 821 S.W.2d at 651)); *see also Eris*, 39 S.W.3d at 714–15 ("The statutory requirement of 'represented to others' is synonymous with the judicial requirement of 'holding out to the public.'" (first citing *Winfield*, 821 S.W.2d at 648; and then citing *In re Estate of Giessel*, 734 S.W.2d 27, 30 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.))). Thus, Luna's affidavit was insufficient to raise a genuine issue of fact as to informal marriage's third element. *See Nichols*, 153 S.W.3d at 571.

Because Luna failed to satisfy his burden to raise a fact issue as to the third element of informal marriage, the trial court properly granted Garcia's summary-judgment motion. Accordingly, we overrule Luna's second issue.

## IV. CONCLUSION

Having overruled Luna's dispositive issue, we affirm the trial court's summary judgment.

11

/s/ DanaWomack

Dana Womack
Justice

Delivered:  November 9, 2023